BOULIGNY vs. URQUHART.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

Where the parties to a written contract, by mutual consent, enter into a new agreement as regards some part of it, proof of the latter agreement, may be made by parole.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

The plaintiffs in this case claim a certain sum of money which they allege was improperly withheld from them, by the defendant, in the settlement of various accounts between the parties, relating to partnership transactions arising out of their joint interest in a sugar plantation situated in the parish of Plaquemine. They complain principally of debts against them erroneously entered for interest on money and for commissions on the sales of the crops of sugar of several years, commencing in 1823 and ending in 1828.

The cause was submitted to a jury in the court below, who found a verdict for the plaintiffs for two thousand four hundred and twelve dollars and eighty-two cents, on which judgement was rendered, and the defendant appealed.

It appears by the evidence of the cause that the partnership in the ownership and cultivation of the sugar plantation (concerning the administration of the affairs of which the present contest takes its rise) was contracted between the parties in the year 1819, and that the concerns of said plantation, both as to its culture and disposition of the crops, were conducted in reference to the stipulations of a written agreement at that time made, by which the plaintiffs were to manage the cultivation, &c., and the defendant to sell the crops, reciprocally, without compensation. This course of conduct was pursued without alteration until the year 1823, when (as the defendant alleges in his answer) the plaintiffs being unable to make the necessary advances to carry on the

plantation, requested that the crops should be consigned to a commission house in New-Orleans, for the purpose of obtaining funds, and to be sold on the usual terms of factorage, &c. This request was agreed to by the defendant, and the business of the partnership was after that period conducted according to the principles of this new agreement. On the trial of the cause in the court below, the defendant offered to prove this allegation of his answer by witnesses. But the plaintiffs' counsel objected to testimonial proof as being an attempt to prove something contrary to the written contract of partnership. The objection was sustained and a bill of exceptions taken to the opinion of the court, &c.

*Where the parties to a written contract, by mutual consent, enter into a new agreement as regards some part of it, proof of the latter agreement may be made by parole.*

We are of opinion that the judge of the Parish Court erred in rejecting the testimony as offered. Notwithstanding the written contract, the parties to it had certainly a right to contract with any other person to sell their crops on commission, and would each be bound to the latter for their proportion of the charges made by the factor. It was virtually making a new contract in relation to the disposition of the crops, by mutual consent, which they clearly had power to do, and which is susceptible of proof by parole. Our opinion on this bill of exceptions renders it unnecessary to examine any other point in the cause, as it must be remanded.

It is, therefore, ordered, adjudged, and decreed, that the verdict and judgement of the Parish Court be avoided, reversed and annulled, and that the cause be sent back to said court to be tried *de novo*, with instructions to the judge to admit testimony to prove the subsequent agreement, as alleged by the defendant in relation to the sale of their partnership crops of sugar, &c. It is further ordered, that the appellees pay the costs of appeal.

*Seghers*, for appellant. *Moreau* and *Soule*, for appellees.