## BROWNSON vs. FENWICK.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST.
MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

Parol evidence is admissible in contradiction to the written statement of the defendant, intended as a settlement between the parties, and also of title to a slave, under the pleadings alleging fraud.

An agent to purchase slaves, cannot buy from himself, or put one of his own slaves in, so as to charge the principal with his price or value; and where there was deception inducing him to settle with the agent, he will recover back the price, as having been allowed in error.

Legal interest from judicial demand on liquidated claims will be allowed, when the party was then first in delay.

When a demand is afterwards set up for services growing out of a transaction already settled between the parties, for which no charge was made, and it is not shown the settlement was erroneous, it will be presumed the services were gratuitous.

This is an action to recover $575, the amount of a promissory note signed by the defendant, with 10 per cent. interest; and also $829 95, advanced to the defendant with other funds, to purchase slaves.

The plaintiff alleges, that on defendant's return from Maryland, he informed petitioner, that he had purchased a slave

named Dennis, from the estate of Leo Fenwick, for $800, who had made his escape and run away, on coming to Louisiana, and that petitioner was induced from his representations, to settle for the price and expenses of said slave, and allow the sum of $829 95 therefor. That he has since been informed, the defendant did not purchase said slave, but he belonged to the estate of Alexander Leo Fenwick, deceased, of whom defendant was administrator; and inventoried at $750. That said defendant, in consequence of being put in possession of said property, was bound to keep it for the benefit of the legatees, &c. That he brought the slaves of said estate to Louisiana, and placed them on his plantation, not as his own, but for the benefit of the persons interested in the estate of Alexander Leo Fenwick, under his will, and it was never intended by him, before the slave Dennis made his escape, that he was to be placed to the account of this petitioner, &c. He further alleges, that the defendant has been guilty of gross fraud and deception; and by his falsely representing the purchase and escape of the slave Dennis, he was induced to allow and pay the defendant the said sum of $829 95. He prays judgment for the said sums of $575, with 10 per cent. interest, and $829 95, also with interest from the time the defendant received said sum, until paid.

The defendant pleaded the general issue; he admitted he received the nett proceeds of plaintiff's draft on Lambeth & Thompson, to wit: $9,798, but has faithfully accounted for the same. He specially denies the fraud and deception alleged, and prays, that the plaintiff's demand be rejected, &c.

On the trial the plaintiff established, that the slave Dennis belonged to the estate of Alexander Leo Fenwick, deceased, of which defendant was administrator and had control; that he took the slave Dennis out, and charged him as one of the gang he purchased for plaintiff at the price of $800; and that Dennis run away at Cincinnati. There was judgment for the plaintiff for $1405 95, the entire sum claimed, with ten per cent. on the amount of the note. The defendant appealed.

*Voorhies*, for the plaintiff.

*Morse & T. H. Lewis*, for the defendant, maintained the following points:

1. The only question is the right of the plaintiff to re-open a settlement regularly made in writing between the parties, in which plaintiff, with a full knowledge of all the facts and his rights in law, passed his receipt in full and without any reservation.

2. Had any question or reservation been left for future decision, as was attempted to be shown by parol testimony, the same should have been inserted in the receipt, and the testimony of Maskell & Baker, (which was objected to below,) should have been rejected, as contradicting the writing passed between the parties.

3. If the parties are allowed to go behind the receipt and settlement, then the charge made by defendant for his services and trouble in bringing the negroes to Attakapas, should have been allowed, as it was clearly proven.

4. Any admissions; that defendant may have made, that he would not charge any thing for his services, were made in consideration of the loss of the negro Dennis, borne by plaintiff. But if he is to be held responsible, then the same was made in error of law and fact.

5. It is admitted, that all the negroes were purchased in defendant's name, and in no event should he be liable for more than his proportion, say as 14 to 11, which plaintiff offered before the institution of the suit.

6. The court erred in not sustaining the exception to parol testimony.

*Bullard, J.* delivered the opinion of the court.

The plaintiff sues to recover the amount of a promissory note, which is not contested, and the further sum of $829 95, upon the following allegations. That in 1835 he employed the defendant as his agent, to purchase for him in Maryland a

certain number of slaves, and furnished him funds for that purᵃ pose. That the defendant purchased several slaves for him, and paid for them with his funds, and on his return to Louisiana delivered them to him, informing him in the meantime, that a certain negro man, named *Dennis,* whom he said he had purᵃ chased for the plaintiff of the estate of Leo Fenwick, had made his escape on his way from Maryland to Louisiana, and that he had cost $800, of all which the defendant gave a writᵃ ten certificate ; by which he also declared, that he had settled with the plaintiff for the price and expenses amounting to $829 95. He further alleges, that he has ascertained, that the defendant never made any such purchase as was represented by him, that Dennis never was sold to him or to any other perᵃ son by the estate of Leo Fenwick, but still belongs to that estate. That the defendant, while in Maryland, was appointed executor or administrator to the estate. An inventory was duly made of the property belonging to the estate, which includes the negro man Dennis, estimated at $750. That the defendant was put in possession of the property, and was bound to keep the same for the legatees. That being thus in possession, he proceeded to bring them to this State, not as his own, but for the benefit of the legatees, and that before the escape of Dennis, it never was the intention of the defendant, that he should be the property of the plaintiff. He alleges, that the defendant had thus violated his confidence, and was guilty towards him of gross fraud and deception, and he asks judgment for the amount thus retained, together with interest due in consequence of his infidelity as agent.

The defendant, in his answer, denies all the facts and allegations in the petition contained, and avers, that he has faithfully accounted for the nett proceeds of a draft on Lambeth & Thompson, and he specially denies all the frauds charged against him.

There was judgment for the plaintiff and the defendant appealed.

The first question, which has been presented for our con-

sideration, is, whether parol evidence was admissible to contradict the written statement of the defendant, which was intended to serve as evidence of a settlement between the parties, and of title to the negro Dennis. We are of opinion, that the evidence was properly admitted for that purpose under the pleadings. The plaintiff alleges, that the certificate is false, and that the defendant had deceived and defrauded him. In support of those allegations parol evidence was clearly admissible.

It is contended on the part of the defendant, that by the laws of Maryland he had a right, as administrator, with the will annexed, to take the personal property, including slaves, on his own account, at the price of estimation, and that having by an account rendered and approved by the orphans' court, charged himself with the slaves inventoried as the property of his brother's estate, they became his, and he had a right to dispose of them. Admit this to be true, the difficulty still remains, by what means did the slave Dennis become the property of Brownson, so as to make him accountable for the loss? It is certain, that the certificate of the defendant does not even purport to convey a new title to the plaintiff. The consent of Brownson personally is nowhere shown to become the owner. Upon the supposition, the most favorable to the defendant, that having employed the funds of the plaintiff in payment of the debts due by his brother's estate, his intention was to convey the slave Dennis to the plaintiff; yet no such agreement is shown before the loss of the slave. As agent of Brownson, to purchase slaves, he could not purchase one from himself, either in his personal capacity, or as administrator of the estate of Leo Fenwick. In the case of Beal vs. McKernian, 6 La. Reports, 407, we held, that Beal, the agent to purchase cotton, could not take cotton which he held for sale himself as a commission merchant, to fill the order. No agreement or contract can be made without the concurrence of two minds, and it is a legal absurdity to say, that Fenwick could purchase as agent for Brownson, from himself. As mandatory it was his duty to purchase on the best terms for his employer; as owner he

**Margin notes:**

WESTERN DIS.,
September, 1841.

BROWNSON
vs.
FENWICK.

Parol evidence is admissible in contradiction to the written statement of the defendant, intended as a settlement between the parties, and also of title to a slave, under the pleadings alleging fraud.

An agent to purchase slaves, cannot buy from himself, or put one of his own slaves in, so as to charge the principal with his price or value. And where there was deception inducing him to settle with the agent, he will recover back the price as having been allowed in error.

would naturally endeavor to get the highest price—the two are utterly incompatible. We therefore conclude, that Dennis never was the property of Brownson, and the price retained for him by the defendant ought to be refunded as having been allowed in error.

The appellee prays for an amendment of the judgment in his favor, by an allowance of interest on the sum of $829 95; according to article 2984 of the Louisiana Code. We think he is entitled to interest at five per cent. from judicial demand only, the sum being liquidated, and he was then first in delay.

The defendant, by an amended answer, sets up a claim for $1000 in compensation, of which $750 was stated to be for services rendered as agent in purchasing slaves in Maryland, and bringing them to Attakapas, and two hundred and fifty dollars for negotiating drafts. This account relates to the same transactions, and at the time of the settlement no such charge was made by the defendant. It is not shown, that the settlement was erroneous in that respect, and we are to presume, that the services were gratuitous. No agreement is shown to pay commissions.

It is therefore adjudged and decreed that the judgment of the District Court be affirmed with costs, together with five per cent. interest per annum on the sum of $829 95 from judicial demand.