## THOMAS MURRAY DOYLE v. MATTHEW RYAN.

One who has contracted for the building of a house at a fixed price, will be responsible for the value of extra work, where from the evidence it is clear that it must have been done with his consent.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Durant*, for the plaintiff.

*Bartlette*, for the appellant.

SIMON, J. The plaintiff sues to recover the balance which he alleges to be due him on a contract for building a house for the defendant, and the amount of an account for extra work, stated to have been done to the building at the request, and with the consent of the defendant, against whom he prays that judgment may be rendered for the sum of $1307 62.

The defendant admits having contracted for the building of a house with one Clohery, who transferred the contract to the plaintiff; but he denies the completion of the business according to the contract. He further avers that they were to be finished by the last day of August, 1842; that, in case of failure, the contractor agreed to pay eighty dollars per month for each months' delay from that time; that they were delayed through the fault of the plaintiff, for three months from said time, for which he, the defendant, is entitled to the sum of $240, to be deducted from the amount to be paid on the contract. He also denies having ordered any extra work on the building, or being liable for any, and alleges that he has paid on the said contract,

Doyle v. Ryan.

to the original contractor, and to his successor, the sum of $3600, which, he states, is as much as they are entitled to for the work they have done.

Experts were appointed by order of the court *a quà*, to examine the extra work done on the premises described in the contract sued on, and to ascertain the value of the same. The experts reported to the court the result of their examination; and after a full investigation of the merits of this controversy, the report made by the umpire as fixing the value of the extra work at $513, was homologated, and judgment was subsequently rendered below in favor of the plaintiff, for $931 87; from which, after a vain attempt to obtain a new trial, the defendant has appealed.

The first point in controversy which the record brings to our notice, arises out of a bill of exceptions taken to the opinion of the inferior judge, permitting the plaintiff to examine as a witness John P. Clohery, with whom the contract for building the house in relation to which this suit is brought, was originally made. The objection of the defendant was based on the fact of the said Clohery's being principal in the contract sued on, and on the ground of his being interested in this suit, Clohery having never been released by the defendant from the stipulations contained in the contract, &c. We think the judge *a quo* did not err. Clohery, though the original contractor, is not a party to this suit, and sets up no claim under the contract against any of the parties to this controversy. It is even admitted in the pleadings, and established by the other evidence, that he transferred his contract to the plaintiff, who, alone, appears to be interested in its being complied with by the defendant, and who alone seeks to be benefited thereby. The defendant's answer contains no allegation, and sets up no claim against Clohery under the contract; and the release executed by the plaintiff to Clohery, previous to giving his testimony, annihilates any liability which the latter might be under to said plaintiff. We cannot see any valid reason why he should not have been permitted to testify in a suit, in which he is not shown to have any kind of interest.

On the merits, this case presents a mere question of fact,

Doyle v. Ryan.

which appears to have been fully investigated below; and without its being necessary to review the facts established by the evidence adduced on both sides, it suffices to say, that a careful and attentive perusal of the said evidence has not enabled us to discover any error in the judgment appealed from. The defendant does not complain of the work not having been done according to the contract. Nay, he appears to have been satisfied with it, since he received it, and put himself in possession of the house in the month of October, immediately after it was finished. The price stipulated in the contract was $4100, upon which it is shown that the defendant made divers payments amounting to $3600; and said defendant has not even attempted to point out any defect in the execution of the work done under the contract. He stands justly indebted to the plaintiff in the balance due under said contract, amounting to $500.

With regard to the extra work, it seems to us that it has been satisfactorily established that it must have been done with the consent of the defendant, who, in the words of a witnes, *was present every day, observing what was going on.* Another witness states, that this extra work could not have escaped the defendant's attention. He was there every day; and the work being finished, he expressed himself satisfied. This took place when a part of the building was occupied by the defendant, who had never made any objection to the extra work being done, and who had moved into the house with his family, shortly after the work was completed.

Upon the whole, we think justice has been done to the parties, and that the plaintiff is fairly entitled to recover the amount of the judgment appealed from.

*Judgment affirmed.*