## P. G. Mathias *v.* John Lebret.

Where in an action by the undertaker on a building contract, there is an allegation in the petition, that "if any alteration was made in the contract, or delay occasioned, it was by the order and consent of the defendant," it is sufficient to authorize the introduction of the testimony of witnesses to prove that the contract was altered with the consent of the defendant. Such evidence would also be admissible to rebut the allegations of the defendant, that the work was not completed within the time specified in, and according to the terms of the contract.

Where a party desires to oppose the admission of the report of experts, he must object to it when offered, and except to the opinion of the court admitting it. Where this has not been done, no objection to its admission can be urged on a motion for a new trial.

One who has contracted for a building at a fixed price, will be responsible for the value of extra work, where, from the evidence, it is clear that it must have been done with his consent.

APPEAL from the District Court of West Feliciana, *Johnson*, J. *Lyon* and *Boyle*, for the plaintiff.

*Hudson* and *Ratliff*, for the appellant.

SIMON, J. The plaintiff claims of the defendant the sum of $914 94, which, he alleges, is due him on an account filed with his petition, one item of which is the price agreed upon by the parties to a building contract, to wit, $500; and the other items are for extra work done to the defendant's house, and for two sums of money paid by said plaintiff on two different drafts. He represents that the contract was executed in good faith on his part, and that its stipulations and conditions were performed

Mathias v. Lebret.

according to the tenor thereof, or if any alteration was made or delay occasioned, it was by the order and consent of said defendant.

The answer admits the execution of the contract, but states, in substance, that the plaintiff having failed to comply with the terms and stipulations thereof, is not entitled to recover the price agreed on in the said contract. It farther admits that the plaintiff has done some carpenter's work for the defendant, for which he, plaintiff, had presented a bill independently of the contract, but that the same has been paid by said defendant's account against the plaintiff. He further avers that the work was not completed within the time specified in the contract, and that, therefore, he is entitled to be indemnified for the delay according to the terms thereof. He denies that any extra work was done aside from the contract, and prays that judgment be rendered against the plaintiff for the sum of $1,350, as damages for his non compliance with the contract, and that experts be appointed to examine the work. He further prays that judgment be rendered in his favor for the amount of his reconventional demand, &c.

This case was submitted to a jury, who found a verdict in favor of the plaintiff for $211 57; and said verdict having been adopted by the court as the basis of its judgment, the defendant, after an unsuccessful attempt to obtain a new trial, took this appeal.

The first point in controversy to which our attention has been called, grows out of a bill of exceptions taken to the opinion of the judge *a quo* permitting the introduction of a witness to prove that the contract had been changed and altered by and with the consent of the defendant; and the latter's counsel has contended that this evidence was inadmissible, as there is no allegation of such change in the plaintiff's petition. On refering to the petition, we have found an allegation that "if any alteration was made in the contract or delay occasioned, it was by the order and consent of the defendant." This allegation was undoubtedly sufficient to authorize the admission of the testimony; but if any doubt exist as to its admissibility under such an allegation, it seems to us that it was admissible at least

*Mathias v. Lebret.*

to rebut the defendant's allegations that the work was not completed within the time specified in the contract, and that it was not performed according to its terms and stipulations. We think this evidence was properly admitted below.

The next point, which is one of the grounds on which the defendant relied to obtain a new trial, relates to the court's permitting the report of the experts to go to the jury, which permission, it has been urged, is illegal, as the experts were not sworn according to law. Nothing in the record shows that the report or account signed by the three experts was permitted to go to the jury. It is true it was filed, and is one of the documents which comes up with the record, but we are not informed by any bill of exceptions that any objection was made to its introduction or admission as evidence, or that it was used in any manner before the jury. This should have been made a question below, when the report of the experts was offered as evidence by the plaintiff, and it was the duty of the defendant to object to its admission, and to bring the question before us by a bill of exceptions. Code of Practice, art. 487. Not having done so, it was too late to urge it on a motion for a new trial, as the want of objection thereto, gives rise to the presumption that the defendant consented to its going to the jury as evidence, and, as the case stands, we cannot notice it.

On the merits, the matters in controversy appear to have been fully investigated before the jury. The evidence, it is true, is somewhat contradictory; but how can we say that the jury came to an erroneous conclusion? They were the proper judges of the degree of credibility to be put on the declarations of the witnesses, and their verdict is also strengthened by the refusal of the judge *a quo* to grant a new trial. The facts established by the testimony of several witnesses introduced by the plaintiff, show, in substance, that all the work was done agreeably to the defendant's orders; that if the gallery was not tongued and grooved, it was at said defendant's request; that the latter said he did not care if the upper part of the house was finished in three months, so that the lower part was finished, as he wanted to use it; that various parts of the work were done by the defendant's instructions; that he stopped the plaintiff from

working on the building to put up shelves in the store, preferring to have that done; that he took possession of the store and did not object to the work; that he took possession of the house, and has been in possession of it ever since ; that, on one occasion, defendant observed to one of the witnesses, that the work was well done, and that he was satisfied with it; that, on another occasion, he said that he liked the building and the work very well, except the ceiling ; that said defendant's family lived up stairs in the house, and that they lived there before the plaintiff commenced the work, and all the time that he was there at work.

On the whole, notwithstanding the contradictions, generally unimportant, which exist in the testimony, we are satisfied that the changes and alterations made in the contract, were made by the direction of the defendant, and also the execution of the extra work. He lived there, and he must have noticed the progress of the work, which was done under his own eyes. This case has some analogy to that of *Doyle* v. *Ryan* lately decided, (9 Rob. 402), in which a similar question was presented, and must have the same result. Here, however, the jury thought proper to reduce the plaintiff's demand from $914 94 to $211 57; and we cannot say that their verdict is manifestly erroneous.

*Judgment affirmed,*