## JAMISON v. LUDLOW,

Parol evidence is admissible to prove that a written act of compromise, by which the creditor released a portion of his claim, was made in consequence of fraudulent representations by the debtor. C. C. 3046. The introduction of such evidence is not prohibited by art. 2256 of the Civil Code; it does not tend to vary or contradict the *written act*, but to show that there never was any valid compromise, it wanting the essential element of consent.

The rule established by art. 2256 of the Civil Code, which prohibits the introduction of parol evidence to vary or contradict the terms of a written act, is not infringed by the admission of such evidence to prove a new and distinct agreement to pay a debt released by the written act. Although a debt be released on payment of a part, there remains such a natural obligation on the part of the debtor to pay the balance, as will preclude him from recovering back the amount when paid after the release, or will form a sufficient consideration for a new promise.

**A**PPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Carter* and *Winthrop,* for the appellants, cited *Davis* v. *Smith,* 4 Espinasse, 37. J., and *H. H. Strawbridge,* for the defendants, relied on C. C. 2256. 3 Mart. 250. 3 Mart. N. S. 692. 2 Ib. N. S. 361. 1 Ib. N. S. 640. Greenleaf, Evid. § 275. The judgment of the court was pronounced by

SLIDELL, J. ` The defendants, being indebted to the plaintiffs in the sum of $1680 30, the parties entered into a written compromise, by which the defendants agreed to pay one-half of that amount, by instalments, and for the residue they were released. The plaintiffs now seek to recover the other half of the debt, upon the ground that they were induced to make the compromise by false and fraudulent representations of the defendants, and upon the further ground of a subsequent promise to pay.

It appears by a bill of exceptions that, on the trial of the cause the plaintiffs offered a witness to prove " that, at the time of the compromise, the defendants made declarations which were false as to their pecuniary condition, and which declarations led to the compromise," which testimony the court refused to admit, upon the ground that parol evidence was inadmissible to contradict the written agreement of compromise and discharge. This ruling of the court the defendants attempt to sustain by reference to the 2256th article of the Code, which declares " that parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may be said before or at the time, of making them, or since."

The reason of this rule is a safe guide in its proper application. The law excludes parol evidence tending to vary or contradict a written instrument, because, where the parties have put their agreement into writing without any uncertainty as to its object or extent, it is presumed that they have committed to writing their whole engagement, and everything that was necessary to express their wishes and meaning; and because, also, serious mischiefs would result from the admission of oral testimony in such cases. But the lawgiver certainly did not intend to exclude parol testimony to establish fraud. Not only is such testimony in most cases the only testimony by which the fraud can be proved, but it is also obvious that such evidence does not go to explain or vary the contract as made, but to show that in fact the contract never had any binding force. Fraud vitiates all contracts, and a contract induced by fraud, is, in fact, no contract, if the injured party chooses to repudiate it, because it wants the essential element of consent. See *Broussard* v. *Suduque,* 4 La. 351. *Brounson* v. *Fenwick,* 19 La. 435. Greenleaf on Evidence, § 275 *et seq.* A compromise, in this respect, stands upon the same footing as any other contract. C. C. 3046.

By the bill of exceptions it further appears that, the plaintiffs offered a witness to prove that " since said compromise, and since the fulfilment of its terms, the defendants promised to pay the amount sued for." This testimony was also rejected, upon the same ground as the parol testimony to show fraud. We think the court erred. The rule which forbids oral evidence to contradict or vary the terms of a written contract, is not infringed by the admission of oral evidence to prove a new and distinct agreement. *Commandeur* v. *Russell,* 5 Mart. N. S. 459. *Bouligny* v. *Urquhart,* 4 La. 30.

If there was such a promise it did not require a new pecuniary consideration. Although an indebtedness be released upon the payment of a part, there still subsists such a natural obligation on the part of the debtor thus relieved by the mercy of the creditor, as would estop the debtor from recovering back if he paid, or form a sufficient consideration for a new promise. A debt prescribed involves

no legal liability, yet a new promise to pay it without a new consideration is binding. The certificated bankrupt is discharged in law, but his duty *in foro conscientiæ* remains, and will support a new agreement to pay. The same rule, we think, applies to a voluntary release given upon a partial payment. *Willing* v. *Peters*, 12 S. and R. 177. *A fortiori*, where the release was induced by misrepresentation or fraud.

It is, therefore, decreed that, the judgment of the District Court be reversed, and that this cause be remanded for further proceedings according to law, the defendants paying the costs of this appeal.