### LEEDS & Co. v. H. FASSMAN.

*Where the parties to a contract, by mutual consent, enter into a new agreement, as regards some part of it, proof of the latter agreement may be made by parol.*
*A party must be put in mora in order to be made liable for a suit in damages on a contract. And this applies to reconventional as well as to direct actions.*

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Edwd. Rawle* for plaintiffs. *Durant & Hornor* for defendant and appellant.

ILSLEY, J. A contract was made by *Leeds & Co.* and *Henry Fassman* for the construction and putting up of a steam engine at the Orleans Steam Cotton Press.

The plaintiffs sue for a balance due them on said contract, amounting, according to their petition, to $1,050 76.

The defendant pleads : 1. A general denial. 2. He admits the written agreement alleged by plaintiffs, and says that the plaintiffs bound themselves therein to deliver and erect the machinery on or before the 15th of August 1858; that in making the contract defendant *H. Fassman*, as the plaintiffs well knew, acted merely on behalf of his firm, *Fassman, Bryant & Co.* Defendant alleges default in plaintiffs in not delivering the machinery at the proper time, and when delivered, it was so defective and so broke down, and not brought into proper condition for work until 1st January, 1859, which caused them damages to the amount of $1,047 45. They pray judgment in reconvention.

It is conceded that the machinery was not delivered according to the written contract, but it is proved by the testimony of a witness, that defendant had admitted in conversation that the time expressed in the contract had been expunged, and plaintiffs allowed to make the delivery at their own will, without regard to any limit. This parol evidence was objected to on ground:

1. That the effect was to vary a written contract.

2. That plaintiffs' petition declared on a written contract and contained no allegation of any change therein, and that parol proof cannot be admitted to prove the modification or cancellation of a written contract.

On the first objection, we think it covered by the case of *Bouligny* v. *Urquhart*, 4 La. 30, where it is held in effect, that where the parties to a written contract, by mutual consent, enter into a new agreement, as regards some part of it, proof of the latter agreement may be made by parol. It was in that case, as in this, a mere modification of the original contract ; and the rule therein adopted might be more aptly applied in this case than in that cited, because in this, the change did not in any manner effect the essence of the contract.

There was nothing in the contract that required it to be reduced to writing, and as it might have been established originally by parol, it is not easily perceived, as the Supreme Court say, in *Gardner* v. *Baluille*, 5 Al. 597, why it could not be "modified" or avoided in the same manner.

The second objection is, that there was no allegation of any change in the original contract; and defendant relies on the cases of *Bouligny* v. *Urquhart*, 4 La. 29, and *Jamison* v. *Ludlow*, 3 A. 493, to sustain him therein.

We think the case of *Mathias* v. *LeBret*, 10 Rob. 94, by no means militates against these decisions. It is true that in both these cases the new contract was alleged in the petition, and therefore no question on that point could possibly arise, whilst, in the *Mathias* v. *LeBret* case, the objection now raised was directly met.

That was, like this, a suit on a contract, and parol evidence was objected to, to prove that the contract had been changed and altered, because there was no such allegation in the petition; and thereupon the Court says: "On referring to the petition, we have found an allegation that "if any alteration was made in the contract, or delay occasioned, it was by the order and consent of the defendant. This allegation, says the Court, was undoubtedly sufficient to authorize the admission of the testimony, but if any doubt exists as to its admissibility under such an allegation, it seems to us *that it was admissible at least to rebut the defendant's allegation that the work was not complete within the time specified in the contract.*"

The parol testimony adduced was certainly admissible.

The plaintiffs in this case, from the evidence in the record, are undoubtedly entitled to the amount claimed; nor can we find any evidence to entitle the defendants to their reconventional demand.

As to any damages, if any had been sustained by them, by the delay in the delivering and erecting the machinery, there is nothing in the record to show that the plaintiffs were ever put *in morâ*, which is an essential pre-requisite to a suit for damages; whenever the breach of a contract is a passive one, and the non-performance of the contract. La. Code 1927, 1905 et seq.; *Kirkman* v. *Barton*, 14 La. Rep. 81; and this applies to reconventional as well as to direct actions. *Morton* v. *Rills*, 5 L. 414. The defendant has not called our attention to any evidence adduced by him to show that "when the work was delivered it was so defective and so broken down, and that it was not brought into proper condition for work until 1st of January, 1859, and thereby caused them damages; nor can we find any to that effect in the record, but it is proved by plaintiffs that the work was well done, the materials good, and that nothing was defective. It is also shown that $8,000 was paid without a word of objection after the work was completed, and the reason assigned for the non-payment of the balance was solely the want of funds.

There is no error in the judgment rendered in this case.

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed, with costs of appeal.

HOWELL, J., recused himself in this case.