## No. 9223.

### BENJAMIN S. STORY VS. THE HOPE INSURANCE COMPANY.

In an action on a policy of insurance, the act of the insurer who has knowledge of an increase of risk by a change of use of the insured premises, without objecting to the same or cancelling the policy, will be construed as a waiver of his right of forfeiture of the contract by reason of such increase of risk.

Parol testimony is admissible to show such waiver, although the policy contained a clause requiring the agreement of the insurer to be endorsed on the policy.

If the insurer, after knowledge of the increase of risk, continues to receive premiums, he will be held to have waived the forfeiture.

Positive testimony on a given point must predominate over negative testimony on the same point.

A PPEAL from the Civil District Court for the Parish of Orleans.. *Houston,* J.

*Miller & Finney* for Plaintiff and Appellee.

*Henry Denis* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This is an action on a policy of insurance of five thousand dollars, on a building which was destroyed by fire on the 11th of May, 1882.

The defense is a violation by the insured of an express condition of the policy, prohibiting an increase of risk by the insured without the express consent in writing of the company.

Defendant appeals from a judgment in favor of plaintiff.

The policy was issued in 1875, and was renewed annually for seven years.

When the insurance began, the building was used as a warehouse for the storing of sugar, molasses, moss and other non-hazardous articles. In November, 1877, under a change of tenants, the building was occupied and used as a broom factory, which was operated by steam appliances, with the consent of the insured.

It is not disputed that this change increased the risk, and that, under the rules of the company, it called for a higher rate of insurance. The record shows that the rate was not increased, but annual payments of premiums were made and received under the same terms as contained in the original policy.

Plaintiff's contention is, that the change was effected with the knowledge and consent of the insurer who is thus estopped from invoking the forfeiture of the contract on account of the alleged violation of an important condition of the same.

That condition stipulated, among other acts of forfeiture, the use or occupation of the insured. premises in a manner so as to increase the risk, without the endorsement on the policy of the company's written consent thereto.

The policy also contained the following clause, which had reference to the condition just mentioned:

" The use of general terms, or anything less than a distinct specific agreement, clearly expressed and endorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein."

Relying on these stipulations, defendant resisted the introduction of parol testimony in support of its alleged knowledge of, or consent to, the increase of risk resulting from the altered use of the insured building; and a bill of exceptions has been reserved from an adverse ruling.

1. The first and main contention in the case involves, therefore, the proposition that, under the conditions of the policy in suit, parol evidence is inadmissible to prove any declarations or acts of the company which may be construed as a waiver of the conditions alleged to have been violated by the insured, as operating the forfeiture of his right of recovery under the policy.

The jurisprudence of several of our sister States of the Union has established the rule that the party for whose benefit a condition has been stipulated in a written contract, can be successfully met with parol testimony to show that he has waived such condition, and the rule has been uniformly applied and invariably enforced in contracts of insurance; in which the waiver may be shown by express verbal agreement, or implied from acts which are inconsistent with an intention to cancel the policy on account of the violation of any essential condition of the contract.   Wood on Fire Insurance, Sec. 368, 371, 496.

All the authorities which we have examined with the care which the importance of the discussion imports, and several of which are quoted in another part of this opinion, have very correctly sanctioned the conclusion that receiving the premiums on a policy by the insured after knowledge of the increase of risk, is one of the most insurmountable obstacles in his attempt to invoke the forfeiture of the contract on the ground of such an increase of risk.

The contrary doctrine, under which the insurer, who would be notified of a change of use or occupation of the insured premises, would be allowed to continue to receive the annual premiums for five consecutive years as in the case in hand, and in the event of loss to escape responsibility for a failure to have endorsed his consent on the policy, would be glaringly inequitable and clearly monstrous.

The equitable rule is that any one is at liberty to waive any condition, stipulation or right which may exist in his favor—and in contracts of insurance the practical effect of the rule has been interpreted to mean that the insurer who obtains knowledge of a broken condition, must express his assent or his dissent, and that his silence means assent.   It is too plain for discussion that silent assent must of necessity be proved by parol testimony.

The reason of this ruling does not antagonize the general principle which excludes parol evidence to contradict or alter a written instrument. The effect of the testimony is not to deny the existence, or contradict the true meaning of the written instrument, but simply to show acts of the party to be benefited thereby, manifesting his intention to abandon or waive such benefit. Among numerous authorities which have recognized this doctrine, we refer to the following which are more directly in point: 26 Iowa, 9; Viele vs. Germania Insurance Co. 62 Illinois, 458; Reaper City Ins. Co. vs. Jones, 65 New York; 6 Pitney vs. Glen's Falls Ins. Co. 65 New York, 195; Peckner vs. Phœnix Insurance Company.; 4 Hun. N. Y. 413, Van Allen vs. Farmers' Insurance Co.; 5 Hun. N. Y. 90, Hotchkiss vs. Germania Insurance Company.

Defendant's able counsel concedes that the current of authority in our sister States is in the sense which we have indicated, but he contends that the issue must be tested exclusively under the provisions of our Civil Code, which ignores the common law distinctions between deeds under seal or not, which distinctions, he asserts, underly the reasoning in the cases quoted from the State of New York; and he invokes, in a plausible argument, the effect of the clause which we herein transcribed from the policy in the first part of this opinion, as being the law which the parties have made unto themselves.

The proposition that contracts of insurance must of necessity abide the special provisions of our local laws is, in our opinion, unsound. Wisdom, as well as sound public policy, strongly suggests that questions involved in such contracts, find a better solution in commercial law, and that, therefore, this Court cannot, without being recreant to its plain duty, attempt to resist the effect of the harmonious authorities of our sister States, dealing with a subject which does not admit of State or Territorial limits in its vast importance. But, when tested under our own laws, the argument does not gain any strength.

The restriction in Art. 2276 of our Code reads: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them or since."

We fail to perceive anything in this prohibition which militates against the rule which we herein enforce.

In allowing parol proof of the acts of the party in whose favor a condition has been stipulated in a written instrument, we see no effort to admit such evidence against or beyond the contents of the contract,

17

or of what may have been said before, at the time or since, as making part of the contract. We merely open the door to parol proof of acts equivalent in law to a subsequent agreement to maintain the vitality of a written contract, which in the absence of such agreement or consent would have terminated, in the option of the innocent party by reason of prohibited acts on the part of the defaulting party.

In the recent case of Jauney vs. Brown, 36 Ann. 118, we had occasion to consider the effect of such testimony in connection with that Article of the Code—and in there held that a party to a written contract with another as common carriers, would be allowed to show by parol evidence a subsequent agreement conferring on him certain privileges as managing partner—for the reason that the subsequent verbal agreement referred to a matter which formed no part of the written contract.

Similar rulings are found in our reports: 7 Robinson, 520; Cunningham vs. Caldwell; Mathias Lebat, 10 Rob. 94; Jamison vs. Ludlow, 3 Ann. 492.

Our construction of the clause so strenuously invoked by defendant as making law unto the parties, is that it is at most a condition and that as such, it can be waived by the party in whose favor it was stipulated. A similar clause figured in the policy dealt with in the case above quoted from the 62nd Illinois—and the rule was nevertheless enforced.

2. Having concluded to admit parol testimony in support of the alleged waiver of the company, we have now to consider the sufficiency of the evidence in the record.

From the fact that plaintiff's agent swears that he made the change with the consent of the President of the company, and that the latter solemnly swears that he gave no consent; that under the rules of his company he could not give such consent without an increased rate:—taken in connection with the avowal on both sides, that both witnesses are equally credible, the analysis of that testimony has not been free of difficulty.

But, one witness swears affirmatively, and the other negatively. The assertion of a fact which has never had existence, cannot be consistent with truth, whereas the denial of a fact which has existence may, without violating truth, be the result of inattention or of a defective memory.

Hence, the rule that positive testimony on a given point, must always predominate over negative testimony on the same point. 33 Ann. 796, Guensard vs. Bird.

But in addition to that consideration, in studying the testimony of the president of the company, we find that he does not absolutely deny that the agent had imparted the information of the proposed change ; the stress of his denial is levelled to an alleged agreement on the subject matter.

Hence we conclude that the testimony of the agent of the insurer on the question of knowledge of the company is practically uncontradicted—and that it makes full proof of the alleged knowledge of the risk in the proper officer of the company.

That knowledge, followed by the company's receipts of the premiums during five subsequent and consecutive years, affords one of the strongest cases of a clear waiver of the forfeiture of plaintiff's rights of recovery under his policy—and that waiver justifies the judgment appealed from.

Judgment affirmed.
Rehearing refused.