FRUGÉ, Judge.
This is a suit by a realtor for his fee for obtaining a prospective purchaser for a farm.
This suit was consolidated for trial with a companion case instituted by the prospective purchaser for a return of double the earnest money plus out-of-pocket expenses. Yarborough v. Anderson, La.App., 242 So.2d 11 (3rd Cir. 1970).
The trial court held that the realtor had complied with this contract, and having found defendant a prospective purchaser was entitled to the $10,000.00 fee as agreed upon by the defendant Anderson. Defendant Anderson has appealed. We affirm.
The facts of the case are thoroughly set out in the companion case.
The $10,000.00 awarded by the trial court was the agreed upon fee between the parties. The amount of the fee was included in the contract signed by both the defendant Anderson and the prospective purchaser Yarborough.
The realtors are entitled to the $10,000.00 agreed upon in the contract notwithstanding the fact that the realtor was not a signatory party to the contract. There is no doubt that they were instrumental in bringing a purchaser to the vendor.
The defendant has not seriously contended that there was no employment of the realtors. The evidence preponderates in favor of this employment. The fact the agreement was oral does not take away from any of its legal effect. A listing agreement is a contract of employment and need not even be in writing. Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App. 1st Cir. 1968); Rolston v. Buff, 130 So.2d 732 (La.App. 1st Cir. 1961). There is no credible evidence that the defendant had in any way revoked the employment contract. The actions of the defendant are inconsistent with his denial of the employment. He not only permitted the realtor to show Mr. Yarborough the property but also accompanied him in the showing of the farm and negotiated a contract with the prospective purchaser. There is no evidence of any objection by Mr. Anderson to this demonstration or to any of the previous demonstrations of the land.
Our courts have made it clear that a real estate agent employed to sell property is entitled to a commission when he has secured a purchaser ready, able and willing to buy on the owner’s terms. Whereas, when such a purchaser is found the agent’s obligations have been fulfilled, even though the sale was never consummated because of default by the principal. Olympic Homes, Inc. v. Ory, supra. This particularly is true where the owner simply states that he has changed his mind and has backed out. It is unimportant that the realtor returned Mr. Yarborough’s deposit to him upon the defendant’s backing out of the contract. This has no bearing upon the defendant Anderson’s liability for the realtor’s fee. The realtor became a stakeholder and could not have been compelled to return the deposit in absence of a joinder of the defendant, nevertheless, he was entitled to return the deposit, the defendant having defaulted on his obligation.
For the foregoing reasons the judgment appealed from is affirmed. The defendant-appellant is to pay the costs of the appeal.
Affirmed.