350 So.2d 199 (1977)
Wayne D. JOINER, d/b/a Joiner Real Estate, Plaintiff and Appellee,
v.
Lavada LOCKART, Defendant and Appellant.
No. 6087.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
Rehearing Denied October 11, 1977.
Writ Refused November 23, 1977.
*200 James A. Bolen, Jr., Alexandria, for defendant and appellant.
W. T. Armitage, Jr., Alexandria, for plaintiff and appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
Plaintiff, a real estate broker, seeks a commission allegedly earned under an exclusive listing agreement signed by defendant. The trial judge awarded plaintiff a commission of $1500. Defendant appealed.
Appellant contends (1) that the listing agreement was terminated before plaintiff procured a purchaser; (2) that the purchaser procured by plaintiff was not financially "able" to buy the property; (3) that plaintiff knew defendant owned only an undivided one-half interest in the property, and hence could not deliver merchantable title; (4) that defendant's failure and refusal to sign the "Contract To Buy And Sell" relieved her of the obligation to pay the commission; and (5) that the exclusive listing agreement is invalid for vagueness and ambiguity.
The general facts are that on December 31, 1975 defendant signed a contract giving plaintiff the exclusive right to sell defendant's home and 10 acres of land for a price of $25,000 cash, the exclusive listing being for a period of four months. Pursuant to this agreement, plaintiff proceeded to advertise the property in newspapers, place signs on the property and show it to prospective purchasers.
Defendant testified that on February 9 and again on February 10 she told plaintiff she had changed her mind and did not wish to sell her home. Plaintiff testified that on or about these dates defendant contacted him and was very much upset because someone had advised her the property was worth more than $25,000. However, plaintiff testified that there was no agreement between him and defendant that the listing agreement be terminated. The trial judge dictated into the record reasons for accepting plaintiff's version of this issue. The evidence is clearly sufficient to support this factual finding by the trial judge.
On February 21, 1976, a Mr. David Arnold, who had seen the "For Sale" signs on the property, contacted plaintiff and signed a contract to buy for $25,000 cash, a $500 deposit being made by Arnold at the time he signed. Within the next day or two, plaintiff took the contract to buy and sell to defendant for her signature, but she refused to sign. The only reason given by defendant was that she had changed her mind and did not wish to sell at any price.
Our law is settled that a real estate broker earns his commission when he procures a purchaser ready, willing and able to buy on the terms stipulated by the seller. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972). Applying this rule to the present case, plaintiff earned his commission.
*201 As to defendant's contention that the listing agreement was terminated, the trial judge accepted the testimony of plaintiff that there was no termination. As stated above, this factual conclusion is amply supported by the evidence.
Defendant's contention that plaintiff did not procure a buyer "able" to purchase the property is based on the argument that the listing agreement required payment to be $25,000 in cash. Defendant argues that since the evidence shows Arnold had only $2,891 in his savings account, he was obviously going to have to borrow additional funds and could not pay in cash. This argument has no merit. The evidence shows that although Arnold did not have $25,000 in cash, he could have borrowed this sum from a bank or other lending institution to pay defendant in cash. He had a job as a teacher and coach, he owned 87 acres which he could have used as security for part of the loan and, of course, he could have mortgaged the subject property.
Defendant's next contention is that plaintiff knew defendant owned only a one-half interest in the property, and therefore plaintiff had knowledge that defendant's title was not marketable. The evidence shows that plaintiff knew the property was owned by the community which existed between defendant and her husband, who died in 1971, leaving three or four children. Plaintiff testified he knew the children owned a one-half interest. However, plaintiff also testified that defendant told him the children had agreed to allow her to sell the property and retain their portion of the proceeds. Acting on this assumption, plaintiff proceeded to secure a purchaser.
In Strahan v. Weiland, 216 So.2d 169 (La.App., 1st Cir. 1968), the court held that a real estate broker is entitled to assume that the person representing himself to be the owner either owns the property in its entirety or is authorized to represent the fee owners. In the present case, the defendant actually told the plaintiff she was authorized by her children to negotiate for a sale of their interests. She even went to see an attorney to have the necessary papers drawn for the children to sell their interests. When she finally refused to sell, she did not do so on the basis that she could not secure her children's consent. There is no evidence to show the children refused their consent. Under the rule of the Strahan case, it is clear that this defense has no merit.
There is also no merit to the argument that defendant's failure to sign the "Contract To Buy And To Sell" relieves her of paying plaintiff's commission. The purpose of the introduction of the contract signed by Arnold alone was to show that plaintiff had procured a buyer ready, willing and able to purchase. On this showing, plaintiff earned his commission, regardless of whether defendant signed the contract to sell.
Defendant's objection to the exclusive listing agreement is that the Commission is stated to be 6% on "the gross amount of any deal (agreement to sell or exchange)." Defendant argues that since she did not sign the "Contract To Buy And Sell", there was never any "deal" and therefore no commission is owed. This argument has no merit. For the reasons stated above, plaintiff earned his commission when he procured a buyer ready, willing and able to buy, regardless of whether the defendant refused to sell.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
AFFIRMED.