372 So.2d 223 (1979)
Allison Lamar MOTT et ux., Plaintiffs-Appellants-Defendants in Reconvention,
v.
Jerry and Ruth PHILLIPS d/b/a Phillips Real Estate Agency and Stephens Realty Inc., Defendants-Appellees-Plaintiffs in Reconvention.
No. 6852.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*224 Stephen E. Everett, Alexandria, for plaintiffs-appellants-defendants in reconvention.
Walter M. Hunter, Jr., Alexandria, for defendants-appellees-plaintiffs in reconvention.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Judgment was rendered in favor of defendants/plaintiffs in reconvention, Ruth Phillips d/b/a Phillips Real Estate Agency (Phillips), in the amount of $2,094.00, representing commission earned in connection with defendants' efforts in procuring a buyer for plaintiff's home pursuant to a written multi-list agreement executed by the parties. The trial court rejected plaintiffs' demand to have the listing agreement annulled and set aside, and the plaintiffs perfected this appeal. We affirm.
The facts giving rise to the instant suit were set forth by the trial court in its written reasons for judgment, from which we shall quote at length:
"Essentially all of the salient facts save one were stipulated to by the parties. The disputed factual issue involves the alleged existence of a contemporaneous oral modification to the multi-list agreement.
The essential facts of the case are as follows: On August 15, 1977, plaintiff, Allison Lamar Mott and defendant, Mrs. Ruth Phillips entered into a listing agreement for the sale of immovable property owned by Mr. Mott and his wife. The gist of this contract was that Mrs. Phillips was to receive 6 percent of the purchase price of the property as a commission for finding a buyer ready, willing and able to to (sic) pay $34,900 for the property. It was shown at trial that such a buyer was found and a contract to buy and sell the property was drawn up, but that plaintiffs refused to sign.

The only disputed issue at trial was with respect to the allegation by the plaintiffs that at the time they signed the multi-list agreement with the defendants, they also reached an oral agreement with the defendants to the effect that any contract to buy and sell the listed property would be subject to the condition that they have the ability to purchase another residence at a price and upon terms and *225 conditions acceptable to them. At the trial of the case, defendants interposed an objection to the admissibility of any evidence purporting to prove the existence of such an oral agreement on the grounds that it violated Louisiana's parole evidence rule. The Court sustained the objection to the admissibility of the evidence of an oral modification of the listing agreement. After the objection was sustained, plaintiffs introduced the evidence of an oral agreement under an offer of proof...."
In refusing to permit the introduction of any evidence tending to prove a contemporaneous oral modification of the multi-list agreement and in rendering judgment for Phillips the trial court reasoned as follows:
"Since plaintiffs relied exclusively on the assertion of a contemporaneous oral modification of the multi-list agreement in seeking declaratory relief, and inasmuch as evidence to prove this is inadmissible, the plaintiffs have failed to carry their burden of proof. Therefore, the relief sought by the plaintiffs will be denied
It is established in Louisiana jurisprudence that a real estate broker earns his commission when he procures a purchaser ready, willing and able to buy on the terms stipulated by the seller. Eanes v. McKnight, 262 La. 915, 265 So.2d [220] (1972); Joiner v. Lockart, 350 So.2d 199 (La.App. 3rd Cir. 1977).
The evidence clearly establishes that a buyer was produced in this case and that he was ready, willing and able to pay the price stipulated by the Motts, $34,900.
The listing agreement provides that Mrs. Phillips is entitled to a 6 percent commission on the gross amount of the stipulated price. Hence, Mrs. Phillips is entitled to recover 6 percent of $34,900 or $2,094."
The substantial issue raised on appeal is whether the trial court properly excluded parol evidence relating to an alleged verbal agreement made contemporaneously with the written multi-list agreement, pursuant to which plaintiffs reserved the right to refuse to sell their home to a prospective buyer should they be unable to find a suitable home to move into. The written agreement is herein set forth in full:

*226 
LSA-C.C. Article 2276 provides:
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
In Salley v. Louviere, 183 La. 92, 162 So. 811 (1935), our Supreme Court stated:

"Article 2276 of the Civil Code declares that parol evidence shall not be admitted against or beyond what is contained in a written contract, nor on what may have been said before, or at the time of making the contract, or since. This article of the Code is not to be construed so as to forbid the proving [of] parol evidence of a subsequent agreement modifying or abrogating a written contract of a character which the law does not require to be in writing. It is true that the article says that parol evidence shall not be admitted to prove what may have been said by the parties to a written contract, before or at the time of making the contract, or since. But the meaning is that parol evidence as to what the parties to a written contract may have said at any time shall not be admitted for the purpose of proving that they had an antecedent or a contemporaneous agreement contrary to that which was reduced to writing. The words `or since' have reference to the phrase `what may have been said,' and not to what may have been agreed to, since the making of the written contract. It is well settled that this article of the Civil Code does not forbid the proving by parol evidence of a subsequent agreement to modify or to revoke a written agreement. Commandeur v. Russell, 5 Mart.(N.S.) 456, 459; Bouligny v. Urquhart, 4 La. 29; Knox v. Liddell, 5 Rob 111, 112; Jamison v. Ludlow, 3 La.Ann. 492, 493; Leeds & Co. v. Fassman, 17 La.Ann. 32; Cain v. Pullen, 34 La.Ann. 511, 517; Cary v. *227 Richardson, 35 La.Ann. 505, 510; Story v. Hope Insurance Co., 37 La.Ann. 254, 258." 162 So. at pg. 813.

See also: Southern Fleet Leasing Corporation v. Brown, 257 So.2d 819 (La.App. 1st Cir. 1972); W. R. Aldrich and Company v. Spalitta, 285 So.2d 835 (La.App. 1st Cir. 1973).
The multi-list agreement entered into by plaintiffs and defendants was a contract of employment which the law does not require to be in writing. Wolfe v. Anderson, 242 So.2d 14 (La.App. 3rd Cir. 1970) writ ref. 257 La. 613, 243 So.2d 276; Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App. 1st Cir. 1968), writ ref. 252 La. 113, 209 So.2d 41, 1968; Veters v. Krushevski, 100 So.2d 93 (Orleans, La.App.1958). It is well settled that where a written contract is not required to be in writing to be valid, verbal testimony is admissible to show that the contract was modified, altered or abrogated by subsequent parol agreement, but where the verbal agreement was entered into antecedent to or contemporaneously with the written agreement, such verbal agreement cannot be established by parol evidence. Salley v. Louviere, supra; Southern Fleet Leasing Corporation v. Brown, supra; Layne-Louisiana, etc. v. Green Acres S., etc., 347 So.2d 1222 (La.App. 1st Cir. 1977); Baton Rouge Sash and Door Company, Inc. v. Saale, 298 So.2d 115 (La.App. 1st Cir. 1974); Piliawsky v. Colar, 112 So.2d 730 (Orleans, La.App.1959). There is no dispute in the instant case that the plaintiffs sought at trial to admit parol evidence for the purpose of establishing that a verbal agreement contrary to or in modification of the terms of the written agreement had been entered into contemporaneously with the written listing agreement. The record reveals that this fact was stipulated by the parties to the suit.
Appellants have urged that parol evidence was properly admissable at trial, relying on the cases of Strahan v. Weiland, 216 So.2d 169 (La.App. 1st Cir. 1968) and Adams v. Spillman, 290 So.2d 726 (La.App. 1st Cir. 1974), writ ref. 293 So.2d 191, 1974. We find these cases to be clearly distinguishable from the instant case. In Strahan, the parol evidence introduced related to an alleged verbal agreement entered into by the parties subsequent to their written agreement. In Adams, the written agreement between the parties contained conflicting terms, and parol evidence was admitted for the purpose of clarifying the ambiguity.
There are well settled exceptions to our parol evidence rule. As between the parties to a written instrument, parol evidence is competent to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to complete a manifestly incomplete written agreement without varying the terms of the writing. Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Edwards v. State, Department of Corrections, 244 So.2d 69 (La.App. 1st Cir. 1971); Dorvin-Huddleston Developments, Inc. v. United Services, Inc., 207 So.2d 225 (La.App. 4th Cir. 1968).
In this case, there is no ambiguity on the face of the multi-list agreement, nor is the instrument manifestly incomplete. Plaintiffs have not alleged failure of consideration, fraud or illegality. The verbal agreement allegedly arose contemporaneously with the written agreement, and would have clearly altered the terms of the writing itself. The parol evidence sought to be admitted by plaintiffs consequently fit within none of the above-mentioned exceptions to our parol evidence rule which precludes the use of parol evidence to modify the express terms of a written instrument. We find the trial court properly ruled such evidence inadmissible.
The record reveals that plaintiffs in reconvention performed numerous tasks in their attempt to procure a buyer for plaintiffs' home, and that they did in fact find a willing and able buyer. Such acts included advertising the house and showing it to prospective buyers. It is well settled that a real estate agent engaged to sell property has earned the agreed commission when he procures a purchaser ready, willing and able *228 to buy on the terms stipulated by a vendor. Production of such a prospective purchaser fulfills the realtor's obligation notwithstanding the sale is never confected due to some fault on the part of the owner. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972); Joiner v. Lockart, 350 So.2d 199 (La.App. 3rd Cir. 1977), writ refused, 352 So.2d 240, 1977.
For the above and foregoing reasons, we affirm the judgment of the trial court, at appellants' cost.
AFFIRMED.