236 So.2d 874 (1970)
Zenora THOMAS, Plaintiff-Appellant,
v.
SIGNAL INSURANCE COMPANY, Defendant-Appellee.
No. 3129.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1970.
John P. Navarre, Oakdale, for plaintiff-appellant.
Dubuisson & Dubuisson, by Jimmy L. Dauzat, Opelousas, for defendant-appellee.
Before FRUGE, HOOD, and MILLER, JJ.
FRUGE, Judge.
This is an action for personal injuries arising as a result of an automobile accident on October 27, 1968. The plaintiff was a guest passenger in an automobile driven by Rufus Wilson, which was struck by a pickup truck owned and driven by Douglas Fontenot who was the defendant Signal Insurance Company's insured.
*875 After filing an answer, the defendant filed a motion for summary judgment which the trial court granted. The plaintiff has appealed the trial court's judgment granting the motion.
The basis for defendant's motion for summary judgment was a release signed by the plaintiff on November 5, 1968, and an affidavit by James T. Guglielmo stating that the release was executed by the plaintiff Zenora Thomas on November 5, 1968, to the best of his knowledge, information and belief. The release purported to "release, acquit and forever discharge" the defendant from any and all claims arising from the accident on October 27, 1968.
The plaintiff did not respond to the filing of the motion for summary judgment by filing opposing affidavits, but instead on the day of the hearing of the motion for summary judgment filed an exception styled as an "Exception to motion for summary judgment." This exception to the motion for summary judgment alleged that a suit had been filed in the Thirty-third Judicial District Court in Allen Parish to nullify the release, and that the matter was still pending in that court which should have sole jurisdiction of the validity of the release. In connection with this exception, the plaintiff filed the entire record of the Allen Parish proceedings. This record contained the depositions of Zenora Thomas and Alfred James Fontenot, which had abundant testimony attacking the validity of the purported release.
Louisiana Code of Civil Procedure Article 966 provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The trial court should have considered the depositions of Zenora Thomas and Alfred James Fontenot, which were introduced by the plaintiff as part of the Allen Parish proceedings. These were depositions "on file", and indicated that there was a material fact at issue.
It is well settled that a motion for summary judgment should be granted only if there is a clear showing that there is no material fact at issue. As the court said in Joiner v. Lenee, 213 So.2d 136, 139 (La. App.3d Cir. 1968), "The summary judgment remedy is not a substitute for a trial * * *. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve the disputed facts." Several cases cited.
Also, in Grace v. Morales, 210 So.2d 60, 63 (La.App. 1st Cir. 1968), we find the following statement: "It is well established jurisprudence that in disposing of a motion for summary judgment, the pleadings and annexed documents as well as the affidavits must be considered. Lake Charles Harbor & Terminal Dist. v. Farquhar, La. App., 196 So.2d 847."
In the instant case, the depositions filed in connection with plaintiff's exception to the motion for summary judgment would have shown that there was evidence that the release was fraudulently obtained. There should be a full trial on the merits to determine the validity of the respective parties' conflicting evidence.
The defendant contends plaintiff's exception was essentially a plea of lis pendens, that the exception was not timely filed by virtue of Louisiana Code of Civil Procedure Article 2593, and therefore the trial court was correct in not considering the depositions of Alfred James Fontenot and Zenora Thomas in its ruling on the motion for summary judgment. The second paragraph of Article 2593 reads as follows: "Exceptions to a contradictory motion, rule to show cause, opposition, or petition in the summary proceedings shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required except otherwise provided by law."
*876 The above article merely refers to opposition to the use of summary proceedings. Plaintiff's exception to the motion for summary judgment filed during the hearing on the motion was, of course, too late and plaintiff had waived any objections to the improper use of summary proceedings by not objecting prior to the hearing. See comment (d) to Louisiana Code of Civil Procedure Article 2593. Even so, the court is still required by Louisiana Code of Civil Procedure Article 966 to consider the pleadings, depositions, admissions on file, together with the affidavits, if any, and if such a consideration reveals that there is a material fact at issue, the motion for summary judgment must be denied.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the defendant-appellee.
Reversed and remanded.