343 So.2d 435 (1977)
RAY'S APPLIANCE & AIR CONDITIONING, INC., Plaintiff-Appellee,
v.
Jesse H. HEARD, Jr., et al., Defendants-Appellants
TWIN CITY PAINT & CARPET, INC., Plaintiff-Appellee,
v.
Jesse H. HEARD, Jr., et al., Defendants-Appellants.
Nos. 5811, 5812.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Bruscato & Loomis by Anthony J. Bruscato and Trudy L. Avants, Monroe, for defendants-appellants.
Holt, Wagner & Lee, Richard E. Lee, Jr., Pineville, for plaintiff-appellee.
*436 Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
These two cases, consolidated for appellate review, involve appeals from the granting of motions for summary judgments on behalf of the plaintiffs.
In each of the two suits, the basis for the plaintiff's cause of action is a lienable claim. In each petition, the plaintiff, a sub-contractor, alleges: (1) an agreement with defendant, a contractor, to have equipment furnished and installed; (2) lack of recordation of the building contract; (3) the furnishing of the material and the installation of same; (4) amicable demand and failure to comply, and, (5) the timely filing of a lien claim within sixty days of the last performance of labor on the project, the construction of the Chateau Royale Apartments.
In each suit the plaintiff has filed a motion for summary judgment to which was annexed, a "certified" copy of the bill of plaintiff forwarded to defendant. In each suit, on the date of the hearing on such motion, plaintiff filed an affidavit signed by one of its officers, attesting to the contract with defendant, plaintiff's full compliance therewith, the amount of the unpaid balance due plaintiff by defendant, and plaintiff's timely filing of its lien claim. To its answer to the motion for summary judgment, defendant attached, served on plaintiff, and filed an affidavit of one of its officers attesting as to the date of substantial completion of the project and denying plaintiff's allegation as to amount due, which statements were in direct opposition to those of plaintiff's affiant.
A summary judgment may not be rendered unless the pleadings, depositions, affidavits, and like evidence show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. CCP Art. 966, 967; State Farm Fire & Casualty Co. v. Sentry Indemnity Co., 316 So.2d 185 (La. App. 3 Cir., 1975); cases too numerous to cite. Even in cases where the existence of a genuine issue of material fact is not strongly established, all doubts are resolved against the granting of a summary judgment. This is true even where one party's affiants are particular and the other party's affiants are general in style. Ferina v. Howard, 285 So.2d 805 (La.App. 3 Cir., 1973).
In the case in which plaintiff is the mover, as in this case, the motion for summary judgment can be granted only where the pleadings, depositions, and affidavits show that there is no issue of any fact material to any of the several elements of plaintiff's entire cause of action. Laird v. Travelers Indemnity Co., 236 So.2d 561 (La. App. 4 Cir., 1970). In such case, all reasonable doubt as to the existence of a genuine issue of fact must be resolved against plaintiff. Mandella v. Russo, 294 So.2d 598 (La. App. 4 Cir., 1974).
In these two cases there exists doubt as to some of the facts material to the elements of the plaintiff's cause of action, which doubt can only be resolved at trial. There is issue as to the amount owed plaintiff by defendant, as to the date of substantial completion of the project, and as to whether or not the claim for plaintiffs' liens were timely filed. For such reasons, we reverse the trial court's granting of the motions for summary judgment, remand to trial court for further proceedings, and assess all costs of this appeal against the appellees.
REVERSED AND REMANDED.