369 So.2d 1201 (1979)
Bobby E. BONNETTE et ux., Plaintiff-Appellant,
v.
CENTURY READY-MIX CORPORATION, Defendant-Appellee.
No. 13826.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1979.
Rehearing Denied May 3, 1979.
*1202 Smith & Hingle by Gilmer P. Hingle, Monroe, for plaintiff-appellant.
Kostelka & Swearingen by C. Daniel Street, Monroe, Law Office of John S. C. Massey by John W. Grant, West Monroe, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied May 3, 1979.
BOLIN, Judge.
Plaintiff sued defendant for damages resulting from the alleged faulty construction of a swimming pool. From judgment sustaining defendant's motion for summary judgment, plaintiff appeals. Finding a genuine issue of material fact, we reverse and remand.
Plaintiff brought suit for damages alleging he contracted with defendant, Century Ready-Mix Corporation, to furnish him with cement and a cement finisher to complete a swimming pool at his residence. Plaintiff complained that the cement work remained unfinished, that the completed portion was done in a highly unsatisfactory and unworkmanlike manner, and that the cement in and around the pool was very rough and unsightly. He alleged the incomplete condition of the pool was caused by the negligence of defendant's cement finisher and that he did not know whether the pool's rough and unsightly condition was caused by a defect in the cement product or by the finisher's actions.
In answer to the suit defendant maintained it merely sold the cement to plaintiff and denied responsibility for the actions of the finisher who was neither in its employ nor under its direction or control. By reconventional demand defendant sought the unpaid price for the cement and attorney fees.
In a supplemental petition plaintiff alleged in the alternative that, in the event the court found the finisher was not defendant's agent or employee[1], Century *1203 Ready-Mix was negligent in sending him an incapable and irresponsible independent contractor.
Defendant filed a motion for summary judgment on the ground there was no genuine issue of material fact insofar as plaintiff's demands against it were concerned. Supporting affidavits and interrogatories were filed which were to the effect that the cement finisher was an independent contractor who had been hired by plaintiff and that the cement product was not defective.
Plaintiff's affidavits in opposition to the motion were filed the day before the hearing but were not served on opposing counsel until the day of the hearing, at which time they were hand-delivered in court. The trial court refused to consider the affidavits because they were not timely served under La.Code of Civil Procedure Article 966. We find no error in this ruling. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977); Jones v. Menard, 559 F.2d 1282 (5th Cir. 1977).
The trial court found defendant's affidavits established that the finisher was an independent contractor who had been hired by plaintiff to work on the pool; that plaintiff only contracted with defendant for the latter to furnish cement; and that plaintiff admitted to defendant he had no complaint about the quality of the cement but was only dissatisfied with the workmanship of the cement finisher. The trial court concluded there was no genuine issue as to material fact and that defendant was entitled to judgment as a matter of law.
By this appeal plaintiff urges several grounds for reversing the summary judgment. We pretermit discussing all the grounds because defendant's own affidavits fail to show that there is no genuine issue of material fact as to the unsightly condition of the pool area being caused by defective cement products.
In finding no genuine issue of material fact as to this claim, the trial court relied upon affidavits of two persons employed by defendant who went to plaintiff's residence on the day the cement was delivered. These affiants stated they were told to go to plaintiff's residence on that day because a problem had arisen at the pool site. When they arrived they found plaintiff and the cement finisher arguing about the quality of the workmanship. They stated plaintiff told them there was nothing wrong with the concrete and that he would pay for it and that he was only dissatisfied with the workmanship.
We think the trial court erred in reasoning that this statement allegedly made by plaintiff to defendant's representative establishes the cement product is not defective. The statement, while against plaintiff's interests, is not a judicial admission forfeiting his right to seek recovery on the basis that the cement product is defective. Plaintiff has no particular expertise with respect to the quality of cement. Moreover, the statements in the affidavits that plaintiff was satisfied with and would pay for the cement are contradicted by the fact that plaintiff made no such payments and defendant sought payment for the cement in its reconventional demand.
Although the trial court in reasons for judgment made no reference to the affidavit of Levins Thompson, which was submitted by defendant, we find that it too fails to show there is no defect in the cement product. Thompson, who is engaged in the swimming pool business, inspected the pool at plaintiff's request. His affidavit states he found "nothing apparently wrong with the concrete itself." The affidavit fails to state with any detail how Thompson arrived at this cryptic conclusion.
Any doubt as to the existence of a genuine issue of material fact should be resolved against the granting of a motion for summary judgment and in favor of a trial on the merits. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., supra; Ray's Appliance & Air Conditioning v. *1204 Heard, 343 So.2d 435 (La.App. 3rd Cir. 1977). A fair reading of defendant's affidavits leaves us with doubts as to whether there is a genuine issue of material fact as to the unsightly condition of the pool being caused by defective cement. This doubt should be resolved in favor of a trial on the merits.
The judgment sustaining the motion for a summary judgment is annulled and the case is remanded for further proceedings. All costs to await the final determination of the case.
NOTES
[1] In this petition plaintiff also named the cement finisher a defendant in the event the court should find his status that of an independent contractor. A sheriff's return in the record shows the finisher could not be located for service of process.