CUTRER, Judge.
This is a suit for damages arising out of an automobile-pedestrian accident. Named as defendants were Tami Smith and her insurer, United States Fidelity & Guaranty Company. These defendants filed third party demands against the City of Alexandria and the State of Louisiana through the Department of Transportation and Development (Office of Highways). Plaintiff subsequently amended his petition and named the City of Alexandria and the Office of Highways as additional defendants. Motions for summary judgment and exceptions of no cause of action were filed by the Office of Highways to the petition and third party demand. The trial court granted the motions for summary judgment and sustained the peremptory exceptions of no cause of action in favor of the Office of Highways dismissing the main demand and the third party demand against the Office of Highways. Plaintiff and defendants United States Fidelity & Guaranty Company and Tami Smith have appealed.
The issues are whether the trial court erred in granting the summary judgments and sustaining the exceptions of no cause of action.
The petition alleges that on August 19, 1977, during the noon hour, James Ray Barron was struck by a vehicle driven by Tami Smith while Barron was crossing Lee Street. The accident allegedly occurred on Lee Street between Warshauer Street and Masonic Drive (U.S. Highway 165). Mrs. Smith, traveling in a westerly direction, was attempting to change lanes preparatory to turning right onto Masonic Drive when the accident occurred.
The plaintiff’s petition and the City of Alexandria’s third party demand contain identical allegations of negligence by the Office of Highways. The allegations are as follows:
“5. (a) Failure to properly sign, paint, mark, control and erect traffic control devices and directions at and from the intersection of Lee Street and Masonic Drive (U.S. Highway 165) and the intersection of Lee Street and Warshauer Street so that pedestrians crossing Lee Street would be properly informed that the thoroughfare was two lane traffic in the westbound direction at the point of the accident giving rise to this litigation.
(b) Alternatively, erection of signs and traffic signals indicating that traffic proceeding in a westerly direction between Warshauer Street and Masonic Drive was authorized to proceed in two lanes westbound.
(c) Alternatively, sanctioning the use of Lee Street between Warshauer Street and Masonic Drive as two lanes westbound by failure to utilize the necessary traffic controls and enforcement to establish one lane of traffic in the westbound direction.”
In support of its motion for summary judgment, the Office of Highways filed an affidavit executed by one of its engineers, Thomas Danna, wherein Mr. Danna stated that Lee Street at its intersection with Warshauer Street is not a part of the highway system and thus the Office of Highways had no jurisdiction over that intersection. The accident allegedly occurred on Lee Street between Warshauer Street and Masonic Drive. The petition and the third party demand allege that improper traffic controls, at both intersections (Lee Street at its intersection with Warshauer and Masonic Drive) contributed to the occurrence of the accident. These allegations of the petition and third party demand bring up an issue as to proper traffic controls at the intersection of Lee Street and Masonic Drive, which intersection is a part of the state highway system.
*1276 The plaintiff introduced into evidence an agreement between the State of Louisiana, Department of Transportation and Development, and the City of Alexandria, which agreement acknowledges that Masonic Drive is a part of U.S. Highway 165. LSA-R.S. 48:193A [1] places the responsibility on the Office of Highways for the maintenance of all municipality streets which form a continuation of a highway. This statute also authorizes the Office of Highways to contract with the municipality for such maintenance. The agreement herein was entered into pursuant to this statute.
Plaintiff also introduced the deposition of Mrs. Smith which reflected the occurrence of the accident as being on Lee Street between Warshauer Street and Masonic Drive.
We conclude that the trial court erred in its granting the Office of Highway’s motions for summary judgment. An issue of material fact exists as to whether the traffic controls at the intersection of Lee Street and Masonic Drive were a contributing factor in proximately causing the accident in question.
“It is well settled that a motion for summary judgment should be granted only if there is a clear showing that there is no material fact at issue.” Thomas v. Signal Insurance Company, 236 So.2d 874 (La. App.3rd Cir.1970).
As to the peremptory exceptions of no cause of action, the trial court was in error in sustaining the exceptions. The well established rule is that the exception of no cause of action is tried only on the face of the pleadings. The plaintiff and third party plaintiff allege that the Office of Highways was negligent and responsible, at least in part, for the accident giving rise to this suit. A cause of action is alleged and the exceptions must be denied. Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968); Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La.App.3rd Cir. 1979).
For the above reasons, the judgment appealed from is reversed and the matter is remanded for further proceedings. All costs of this appeal are assessed against defendant-appellee insofar as costs may be assessed against a state agency. Assessment of costs in the district court must await a final judgment there.
REVERSED AND REMANDED.

. LSA-R.S. 48:193A provides in part as follows:
“A. The board of highways is hereby directed to repair and to keep- in operating condition at its sole cost and expense, all municipal roads or streets which form a continuation of one of said highways, provided however, the final decision as to the designation or location of the particular municipal road or streets to be placed in the state system shall be left entirely up to the board of highways. At the request of the governing authority of a municipality the work may be contracted out to such municipality, but all such maintenance costs shall be paid for by the state.”