385 So.2d 880 (1980)
Ronald A. JONES, Plaintiff-Appellee,
v.
Jeanette M. JONES, Defendant-Appellant.
No. 14160.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1980.
James B. Wells & Associates by James B. Wells, Bossier City, for defendant-appellant.
Glenn F. Armstrong, Bossier City, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
The wife appeals a summary judgment dismissing her action to annul a 1978 separation judgment in favor of her husband on the grounds that her "consent" to the separation *881 was vitiated by fraud and ill practices. CCP 2004.
The trial court found no genuine issue of fact because no attempt was made by the wife to file depositions and affidavits against the motion for summary judgment until the date it was heard. CCP 966. Counter affidavits must be filed prior to the day before the hearing or they cannot be considered. Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App.2d Cir. 1979). On this point the lower court was correct. With respect to depositions, the lower court was incorrect. We consider that the depositions on file in this matter establish a genuine issue of material fact and reverse and remand.
Plaintiff's petition generally is grounded upon allegations that a disbarred attorney "arranged" the separation, telling her it made no difference who filed for the separation, that the disbarred attorney arranged for one attorney to represent her husband and for another attorney to represent her, that she never communicated with her attorney, and that she was led to believe that the alimony she would be paid would not terminate with a divorce. The depositions of these parties dispute the husband's affidavit that the wife left the marital domicile without cause and that he did not tell his wife she would continue to receive alimony after the divorce.
Depositions introduced the day of the hearing of a motion for summary judgment are admissible and should be considered by the trial court. See Thomas v. Signal Insurance Company, 236 So.2d 874 (La.App.3d Cir. 1970). Indeed, CCP Article 966 allows the opposing party to serve counter affidavits prior to the day of the hearing but does not require the same delay for the filing of depositions. The most obvious reason why affidavits and depositions are treated differently is that an affidavit is a creature of ex parte effort while a deposition, in order to be admissible, requires that notice and opportunity to interrogate the deponent be given the adverse litigant. See Chapter 3, Title III, Art. 1421, et seq., Louisiana Code of Civil Procedure.
Summary judgment is REVERSED and this cause is remanded.