391 So.2d 535 (1980)
Michael M. WAHLDER, Plaintiff-Appellant,
v.
TIGER STOP, INC., Defendant-Appellee.
No. 7883.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
Rehearing Denied January 2, 1981.
Garrett, Ryland & Nunnally, B. Dexter Ryland, Alexandria, for plaintiff-appellant.
Davis & Murchison, H. Dillon Murchison, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
By these proceedings, plaintiff, Michael M. Wahlder, is attempting to evict defendant *536 from a lot and building in Rapides Parish owned by plaintiff. Defendant, Tiger Stop, Inc., is the corporate lessee of the lot and building. At trial the court held that defendant had successfully renewed the lease and dismissed the eviction suit. Plaintiff appeals.

FACTS
On October 23, 1978, plaintiff leased to Thomas L. Wansley the lot and building referred to above which was known locally as Tiger Stop, a convenience store. The primary term of the lease began November 1, 1978, and expired one year later on November 1, 1979. Wansley was given the right to extend the lease one year at a time for up to seven years (through November 1, 1986), provided he notify plaintiff in writing of his desire to exercise an option at least two months prior to the end of the primary term and each option period.
Between October 23rd and November 1, 1978, Wansley and others purchased the corporation, Tiger Stop, Inc., from plaintiff.[1] At plaintiff's suggestion, and with his written consent, Wansley assigned the lease to Tiger Stop, Inc. on November 30, 1978, and also accepted the assignment on behalf of the corporation.
On August 22, 1979, Wansley became the sole stockholder of Tiger Stop, Inc., by buying out his partner, Charles Griffin.
On October 22, 1979 (ten days before the primary term expired), Wansley suddenly remembered that he had to actively extend the lease to remain at the leased premises. His attorney, David Smith, informed him that the extension deadline, September 1, had long passed. Wansley telephoned plaintiff, explained to him that he had forgotten about the written notice requirement, and informed plaintiff that he desired to extend the lease for one year. The trial court found that plaintiff orally agreed to extend the lease, thus waiving the sixty day written notice requirement.
Wansley signed two letters drafted and dated October 22, 1979, addressed to plaintiff, which acknowledged their oral agreement to extend the lease for a one-year period and which served as written notice of Wansley's intention to extend the lease, as per the telephone conversation. These letters were mailed to plaintiff. Later that day or the next, however, plaintiff contacted Wansley by telephone and attempted to rescind his earlier verbal agreement to extend the lease period. He also instructed Wansley to vacate the premises upon the expiration date of the lease. Wansley refused to abandon the premises so plaintiff began sending eviction notices to Wansley.
Since Wansley continued to occupy the premises past November 1, 1979, plaintiff initiated eviction proceedings against Wansley in the City Court of Alexandria. That suit was decided in Wansley's favor. Plaintiff appealed to the District Court and requested a trial de novo. Plaintiff then initiated a second suit at the District Court level against Tiger Stop, Inc. By agreement the two cases were consolidated for hearing. During the course of the hearing, on March 17, 1980, plaintiff voluntarily dismissed, with prejudice, his suit against Wansley, and continued only the eviction proceeding against Tiger Stop, Inc.[2]
The District Court held that the oral agreement of October 22, 1979, and the two letters written in connection therewith, which were dated the same day and were signed by Wansley, constituted an effective exercise of the extension option.
Plaintiff argues that the trial court erred in the following respects:
(1) in confusing defendant Tiger Stop, Inc. with Thomas L. Wansley;
(2) in holding that Wansley could exercise the option on behalf of the defendant;
*537 (3) in holding that the option had in fact been exercised;
(4) in allowing parol evidence to be admitted to show the verbal exercise of an option which, under the terms and conditions of the lease, had to be exercised in writing by registered or certified mail in a specific manner and within a specific time.

ASSIGNMENT OF ERROR NO. 1
For months, this litigation proceeded with Wansley as the only defendant. All parties had forgotten, until shortly before trial, that an assignment of the lease had been made to Tiger Stop, Inc. Thus, when the assignment was "discovered" plaintiff sued to evict Tiger Stop, Inc., the true lessee. Wansley was a defendant until after the hearing had begun. After the suit against him was dismissed, he testified on behalf of Tiger Stop, Inc. and probably appeared on behalf of Tiger Stop, Inc., in a representative capacity since he was the only shareholder. It is understandable, then, why the trial court's opinion referred to the defendant as "he" rather than "it", and referred to Wansley as the defendant. Despite this confusion of Wansley with the real defendant, Tiger Stop, Inc., in the court's opinion, however, the signed judgment clearly was rendered in favor of Tiger Stop, Inc.-and not Wansley. The confusion of Wansley with Tiger Stop, Inc., was of no consequence. Therefore, we find plaintiff's Assignment of Error No. 1 to be without merit.

ASSIGNMENT OF ERROR NO. 2
Could Wansley exercise the option on behalf of Tiger Stop, Inc.? We think he could. A corporation can act only through its officers, directors, employees, or agents. When Wansley called plaintiff with an offer to extend the lease he could be acting on none but the corporation's behalf, since he had earlier assigned all his interest in the lease to the corporation. When plaintiff accepted this verbal offer, he must have known that it was for the benefit of Tiger Stop, Inc., because he consented to and signed the assignment of the lease from Wansley to Tiger Stop, Inc. He also observed Wansley accept the assignment on behalf of Tiger Stop, Inc. Thus, with respect to plaintiff, Wansley was clothed with apparent authority to act for the corporation. Lilliedahl & Mitchel, Inc. v. Avoyelles Trust and Savings Bank, 352 So.2d 781 (La. App. 3rd Cir. 1977).
Nothing in the record suggests that Wansley's apparent authority was revoked. In fact, certain testimony indicates that plaintiff may have known that Wansley was the sole shareholder of Tiger Stop, Inc. In any event, plaintiff must have known that Wansley renewed the lease for the benefit of the corporation because Tiger Stop, Inc. issued rental checks to plaintiff for the months of November and December, 1979 (after the primary term had expired) in the amounts of $1,200.00 each. (We note, parenthetically, that the checks were signed by Wansley's wife.)
In light of the above facts, we find that plaintiff had ample reason to believe Wansley was acting on behalf of Tiger Stop, and not for himself personally; he will not be heard to complain that Wansley did not say he was acting on behalf of the corporation or that Wansley did not sign the October 22, 1978 letters as agent for Tiger Stop, Inc.

ASSIGNMENT OF ERROR NOS. 3 AND 4
We consider these issues together because a determination of whether the option to extend the lease had been exercised (Assignment of Error No. 3) depends upon whether parol evidence is admissible to prove a verbal exercise of the option (Assignment of Error No. 4).
It is a well-settled principle of our law that a written contract may be modified, abrogated or revoked by a subsequent oral agreement if the original contract is not one required by law to be in writing. Salley v. Louviere, 183 La. 92, 162 So. 811 (1935); Mott v. Phillips, 372 So.2d 223 (La. App. 3rd Cir. 1979); Hornsby v. Ray, 327 So.2d 146 (La.App. 3rd Cir. 1976); Grossie v. Lafayette Construction Co., Inc., 306 *538 So.2d 453 (La.App. 3rd Cir. 1975); W. R. Aldrich & Company v. Spalitta, 285 So.2d 835 (La.App. 1st Cir. 1973); Christ v. Christ, 251 So.2d 197 (La.App. 3rd Cir. 1971).
A contract of lease is not required by law to be in writing. La.C.C. art. 2683. Therefore, parol evidence is admissible to prove the written lease was modified by a subsequent oral agreement between the parties. This is true even though the written contract provides that modifications must be agreed to in writing to have validity.[3]Grossie v. Lafayette Construction Co., Inc., supra.
In the instant case, the written lease provided that lessor (plaintiff) be given written notice at least sixty days prior to the expiration of the primary term if lessee wished to extend the lease for an extra year. However, defendant (lessee) called plaintiff ten days before the primary term expired and expressed a desire to renew the lease. Plaintiff argues he did not orally consent to the extension. However, the record contains sufficient evidence indicating that plaintiff did consent to the extension and the trial court so found. Its determination of that factual question against plaintiff is not manifestly erroneous and will not be upset.
Once the lease was modified or altered by subsequent parol agreement, renewing the lease through November 1, 1979, that part of the written lease requiring sixty day written notice was effectively waived or abrogated with respect to the first option period. Salley v. Louviere, supra. Thus, the parties remain bound under all the terms of the original lease, with the exception that the first option was renewed orally. Unless the parties express a different intent, all future options (second through seventh) must be exercised in the manner prescribed by the original lease.
For the above and foregoing reasons the judgment of the District Court is affirmed. All costs are assessed against plaintiff, Michael M. Wahlder.
AFFIRMED.
NOTES
[1] Tiger Stop, Inc. had previously been formed by plaintiff and was doing business at the location leased by Wansley. Rather than form a new corporation, Wansley simply decided to purchase the existing corporation from plaintiff.
[2] Plaintiff's first suit was against Wansley only. When he remembered that the lease had been assigned he sued the assignee, Tiger Stop, Inc., believing it to be the proper party defendant.
[3] The lease herein provided "No changes, modifications or amendments to this contract shall be of any validity unless in writing and signed by parties hereto." However, admissible parol evidence demonstrated, as we hereinafter discuss, that the parties mutually agreed, by oral consent, to extend the lease, despite the above clause to the contrary.