CULPEPPER, Judge.
This is a suit for damages for malicious prosecution. The plaintiffs, Mr. & Mrs. Gerald Darbonne, allege that the defendant, Sonic Drive-In, sold food to Mrs. Darbonne for which she gave them her personal check in the sum of $3.13 drawn on her account at the defendant bank, First National Bank of Eunice. Sonic deposited the check at its own bank, Acadiana Bank, but failed to endorse the check. When the check reached First National Bank of Eunice, it noted the failure of Sonic to endorse the check and returned it to Acadiana Bank. However, in returning the check to Acadia-na Bank, the First National Bank of Eunice attached to the check a slip showing that the “Reason for Return” was “Not Sufficient Funds”. Acadiana Bank returned the check to Sonic. About six months later, Sonic filed criminal charges against Mrs. Darbonne in the Eunice City Court for the issuance of a worthless check in the sum of $3.13. Mrs. Darbonne’s husband, a Louisiana state trooper, learned of the charges and paid the amount of the check to Sonic, who dismissed the charges. Plaintiff then filed the present civil action against both Sonic and First National Bank of Eunice for damages for malicious prosecution. Both defendants answered denying liability and filed third party demands against each other. Sonic filed a motion for summary judgment against both the Darbonnes and First National Bank of Eunice. The trial judge sustained Sonic’s motion and dismissed both plaintiffs’ suit against Sonic and First National Bank’s third party demand against Sonic. Only First National *644 Bank of Eunice appealed. Plaintiffs did not appeal.
Although the judgment dismissing plaintiffs’ suit against Sonic may now be final, the Bank’s third party demand against Sonic is still viable under the provisions of LSA-C.C.P. Article 1111 that the defendant in a principal action may bring a third party demand against any person “who is or may be liable to him for all or part of the principal demand.” (Emphasis supplied.) Thus, if plaintiffs obtain judgment against the Bank, the Bank could still pursue its third party demand against Sonic.
The substantial issue on appeal is whether there are genuine issues of material fact precluding summary judgment dismissing the Bank’s third party demand against Sonic.
The record shows that Sonic’s motion for summary judgment alleges the following grounds for dismissal of both plaintiffs’ principal demand and the Bank’s third party demand:
“On motion of SONIC DRIVE-IN, defendant and third party defendant in the above entitled and numbered cause, through its undersigned counsel, and on suggesting to the court that plaintiffs’ pleadings state that your mover is liable to plaintiffs solely because mover did not follow the provisions of R.S. 14:71 concerning the issuance of worthless checks in that mover failed to notify plaintiff as provided for in the said Article; that said Article does not provide for any notice whatsoever, consequently, mover cannot be held liable to plaintiffs; further, that First National Bank of Eunice, as third party plaintiff, alleges that mover, Sonic Drive-In, was negligent in failing to properly endorse the involved check and failing to inspect the endorsed check to ascertain that it was returned for improper endorsement and failed to adequately follow the provisions of R.S. 14:71 concerning the issuance of worthless checks by failing to notify plaintiffs in writing by certified mail or personal tender of written notice to said issuer and that as shown by the affidavit annexed hereto and the exhibits annexed to such affidavit none of said facts are true and there is no genuine issue as to any material fact in either plaintiffs’ petition or third party plaintiff’s petition and that mover is entitled to judgment as a matter of law. . . . ”
In support of its motion for summary judgment, Sonic first quotes pertinent portions of LSA-R.S. 14:71 as follows:
“The offender’s failure to pay a check, draft or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.”
Sonic points out that the above quoted statutory provisions do not require that pri- or to filing a worthless check charge the payee is obligated to notify the maker that the bank has returned the check marked “NSF”. Thus, Sonic argues that in filing the charge it had a right to rely on the Bank’s notation that the check was returned for insufficient funds in the account of the maker.
In support of its motion for summary judgment, Sonic attached the affidavit of its manager, James Shelton, and also a copy of the check and the Bank’s slip showing it was returned for the reason “Not Sufficient Funds”. Essentially, Shelton’s affidavit states the facts regarding the making of the check by Mrs. Darbonne payable to Sonic drawn on her account in First National Bank in Eunice, the deposit of the check by Sonic in its account with Acadiana Bank, who forwarded it to First National Bank, the return of the check by First National Bank to Acadiana Bank with the notation “Not Sufficient Funds”, the filing of the charge by Shelton against Mrs. Darbonne for issuing a worthless check, the payment *645 of the check by Mr. Darbonne to Sonic and the dismissal of the charges by Sonic. In addition, the affidavit states Sonic was not instructed by anyone to give notice to Mrs. Darbonne prior to filing the charge.
In opposition to Sonic’s motion for summary judgment, the Bank argues that Shelton’s affidavit and attachments do not rebut or disprove the allegations of negligence made by the Bank in its third party demand against Sonic. Specifically, the Bank argues Shelton’s affidavit with attachments does not establish: (1) that Sonic endorsed the check before depositing it; (2) that Sonic inspected the check after its return to ascertain that it was returned only for “NSF”; (3) that Sonic gave any notice of the dishonored check to the Dar-bonnes; (4) that Sonic made any effort to determine the Darbonnes’ bank balance after the return of the check; and (5) that Sonic re-deposited the check after the return. Thus, the Bank argues there remain genuine issues of material fact as to all five of these questions which are not answered in Shelton’s affidavit or attachments thereto.
In the alternative, the Bank argues the trial court erred in not allowing the Bank to file on the date of the hearing of the motion for summary judgment certain depositions which had been previously taken but transcribed only a few days before the hearing. The Bank contends these depositions controvert Sonic’s documentary proof.
The Bank is clearly correct in its contention that the trial court should have admitted the depositions. Jurisprudence recognizes that although LSA-C.C.P. Article 966 appears to require the filing of opposing affidavits prior to the date of the hearing of the motion, the same rule does not apply to depositions as to which notice and opportunity to controvert have been previously given. Jones v. Jones, 385 So.2d 880 (La.App. 2d Cir.1980); Thomas v. Signal Insurance Company, 236 So.2d 874 (La.App. 3rd Cir.1970).
These depositions, which are in the record before us under a proffer of proof, are by Mr. & Mrs. Shelton, manager of Sonic and his wife, and by employees of the defendant Bank. They show that Sonic did not endorse the check before depositing it, that Sonic’s only effort to locate the Darbonnes and notify them of the return of the check marked “NSF” was to look in the telephone book which contained no telephone number or address for the Darbonnes, that Sonic did not contact the Bank to determine whether the Darbonnes had sufficient funds, that Sonic did not re-deposit the check, and that in filing the worthless check charge Sonic relied entirely on the notation by the Bank that the cheek was returned for the reason “Not Sufficient Funds”.
At the outset of our discussion of the applicable rules of law, it is appropriate to state briefly that the party moving for summary judgment has the burden of proving by affidavits, depositions, admissions on file, answers to interrogatories or otherwise that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Moreover, any doubt as to the existence of a genuine issue of material fact must be resolved against the granting of the motion for summary judgment and in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); LSA-C.C. Article 966.
Although plaintiffs in the present case do not expressly state their claim is based on malicious prosecution, the allegations of their petition and of the Bank’s third party demand show that this is the nature of plaintiff’s principal demand. In the recent case of Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980), our Supreme Court stated the elements necessary to support a claim for malicious prosecution are:
“. . . (1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
*646 (5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff.”
In the present case, as in the Hibernia National Bank case, there is no question concerning proof of the first three or the sixth of these elements. However, we conclude there is a question as to whether there are genuine issues of material fact concerning Sonic’s probable cause for filing the criminal charge and concerning the presence of malice. In Hibernia National Bank of New Orleans v. Bolleter, supra, the court states:
“Probable cause to file suit is a question which depends upon the particular facts as perceived by the person bringing the action. This court has held that public policy requires that all persons have the right to resort to the courts for redress of wrongs, and the law protects them when they act in good faith and upon reasonable grounds in commencing a civil proceeding. Johnson v. Pearce, 313 So.2d 812 (La.1975).
jf: $ sfc * * aft
“This court has held that where there is a lack of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit, malice will be inferred.”
In the present case, there are genuine issues of material fact as to whether Sonic had probable cause for filing the worthless check charge. Moreover, since there is a genuine issue of material fact as to whether Sonic lacked probable cause, there could also be a question as to whether this resulted from a wanton and reckless disregard of the rights of Mrs. Darbonne, such that the required element of malice would be inferred.
Under the above stated rule that any doubt as to the existence of a genuine issue of material fact must be resolved against the granting of the motion, and considering all of the circumstances of this case, there is sufficient doubt as to whether Sonic had probable cause to believe that Mrs. Dar-bonne signed a worthless check for the small sum of $3.13, knowing at the time there were not sufficient funds in her account to cover the check. Although LSA-R.S. 14:71 does not require the payee of the check to give ten days’ written notice to the maker before filing charges, the implication of the statute is that the payee should believe the crime has been committed. The depositions by Mr. and Mrs. Shelton state they could not find in the telephone book an address for the Darbonnes, so they did not write or telephone them. This is obviously a fact in their favor. However, other factors to be considered are that Sonic had failed to endorse the check before depositing it, from which it could be argued that this initial neglect by Sonic caused the entire difficulty. Other factors against Sonic are that it made no effort to contact the Bank to determine whether the Darbonnes’ bank balance was sufficient to cover the check. It can be inferred from the circumstances that if it had done so it would have found the Darbonnes’ balance was sufficient and Sonic could have re-deposited the check and this would have ended the matter. Thus, we conclude there are genuine issues of material fact which should go to trial on the merits.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it dismisses the Bank’s third party demand against Sonic. It is now ordered, adjudged and decreed that there be judgment in favor of First National Bank of Eunice and against Sonic Drive-In denying Sonic’s motion for summary judgment dismissing the Bank’s third party demand. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against Sonic Drive-In. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.