519 So.2d 180 (1987)
The GRAVIER COMPANY, a Louisiana Partnership
v.
SATELLITE BUSINESS SYSTEMS.
No. CA-7814.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1987.
Writ Denied March 18, 1988.
Henry O'Connor, Jr., Stephen D. Marx, Steeg and O'Connor, New Orleans, for plaintiff-appellant.
Mack E. Barham, M. Lizabeth Talbott, Robert E. Arceneaux, Barham & Churchill, New Orleans, for defendant-appellee.
Before SCHOTT, BARRY and BYRNES, JJ.
BARRY, Judge.
The Gravier Company appeals a judgment maintaining an exception of no cause of action and dismissal with prejudice of its suit against Satellite Business Systems for payment of rent.
On February 10, 1981 Satellite signed a five year lease for office space with Goldman Company to commence on August 1, 1981 and end July 31, 1986. On November 30, 1981 Goldman Company conveyed the property and transferred its rights, including leases, to the Gravier Company.
The following paragraph appears under LEGAL DEFINITION at page 10 of the lease:
This instrument shall merge all understandings between the parties hereto with respect to the Leased Premises and shall constitute the entire lease contract, *181 unless otherwise hereafter modified by both parties in writing. This instrument shall bind and inure to the benefit of the heirs, legal representatives, assigns (when authorized) and successors of the respective parties.
Addendum 1 to the lease executed February 10, 1981 contains at Page 3 an Option to Extend which provides:
Lessee is given the option to extend the term on all the provisions contained in this Lease, except for RENTAL, for one additional term of five (5) years ("Extended Term") following expiration of the initial term, by giving notice of exercise of the option ("Option Notice") to Lessor at least six (6) months, but not more than one (1) year before the expiration of the initial term. Provided that, if Lessee is in default on the date of giving the Option Notice, the Option Notice shall be totally ineffective, or if Lessee is in default on the day the Extended Term is to commence, the Extended Term shall not commence and this lease shall expire at the end of the initial term.
Lessor and Lessee shall have thirty (30) days after Lessor receives the Option Notice in which to agree on RENTAL, which shall be at the prevailing market rate during the Extended Term. If the parties agree on the rental for the Extended Term during that period, they shall immediately execute an Amendment to this Lease stating the amount of such rental.
If Lessor and Lessee are unable to agree on the rental for the Extended Term within that period, the Option Notice shall be of no effect and this lease shall expire at the end of the initial term or if applicable the first extension term. Neither Lessor nor Lessee shall have the right to have a Court or other third party set such RENTAL.
Gravier's petition alleges that on January 16, 1986 it and Satellite orally agreed to extend the primary lease term for one year from August 1, 1986 through July 31, 1987 at a certain adjusted rental and to reduce the option period from five to four years commencing August 1, 1987. Satellite vacated the premises on or before July 31, 1986 and despite amicable demand did not pay the rent due for the extended primary term. Gravier filed suit and Satellite's exception of no cause of action was maintained.
The issue is whether Gravier's petition alleging that the parties orally agreed to extend the lease for one year, even though the written lease specifies that it can only be modified in writing, states a cause of action.
La.C.C. Art. 1848[1] provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. (emphasis added)
Parol evidence is admissible to prove a written contract has been modified or abrogated by a subsequent oral agreement if the original contract is not one required by law to be in writing. Salley v. Louviere, 183 La. 92, 162 So. 811 (1935); Baxter v. Zeringue, 501 So.2d 327 (La.App. 5th Cir.1987), writ denied 504 So.2d 879 (La.1987); Grossie v. Lafayette Construction Co., Inc., 306 So.2d 453 (La.App. 3rd Cir.1975), writ denied 309 So.2d 354 (La. 1975). A contract of lease need not be in writing. La.C.C. Art. 2683.
The only added element in this case is the provision in the lease that the contract can be "modified by both parties in writing." Gravier relies heavily on Wahlder v. Tiger Stop, Inc., 391 So.2d 535 (La.App. 3rd Cir. 1980), writ refused 396 So.2d 1351 (La. 1981). In Wahlder the written lease required the lessor be given written notice at least sixty (60) days prior to the expiration of the primary term if the lessee wanted to extend the term. The lessee claimed he called the lessor ten (10) days prior to the expiration date and expressed a desire to renew. The lessor orally agreed even *182 though the written notice requirement of the lease had not been fulfilled. The lessee mailed two letters to the lessor acknowledging the oral extension for one year. The lessor called the lessee in order to rescind his verbal agreement.
The Third Circuit held that parol evidence was admissible to prove the written lease had been modified by the subsequent oral agreement even though the written contract provided that a modification had to be in writing. See also Wellcraft Marine, Inc. v. Dauterive, 482 So.2d 1002 (La.App. 3rd Cir.1986); Huval v. 4 S Construction & Maintenance, Inc., 442 So.2d 1353 (La.App. 3rd Cir.1983); Christ v. Christ, 251 So.2d 197 (La.App. 3rd Cir. 1971).
When considering a construction contract this Court has held that written contracts may be modified by oral contracts and the conduct of the parties even when the written contract contains a provision that change orders must be in writing. Pelican Electrical Contractors v. Neumeyer, 419 So.2d 1 (La.App. 4th Cir.1982), writ denied 423 So.2d 1150 (La.1982), citing Pamper Corporation v. Town of Marksville, 208 So.2d 715 (La.App. 3rd Cir.1968), writ refused 252 La. 271, 210 So.2d 509 (1968).
Although the jurisprudence appears to permit a verbal modification, under these facts, we do not view the alleged oral agreement reached on January 16, 1986 to be a modification. The five year lease does not mention an option to extend. Written Addendum 1 gave an option to extend for one five year term listing notice requirements and procedures for setting the rental. Satellite did not follow those requirements and Gravier allegedly agreed to terms not consistent with the Option to Extend. The alleged new contract was for a one year extension at a mutually agreed upon adjusted rental. The parties purportedly agreed orally that the other conditions of the original lease would remain in effect for the additional year. We find no reason why Gravier cannot have the opportunity to prove that Satellite made such an oral contract.
Satellite's trial court memorandum and appellate brief argue that in order to state a cause of action Gravier would have to allege that the oral agreement to extend the lease was reached (the petition makes that claim) and that the provision requiring modifications be in writing had been amended out. Absent the second allegation, Satellite argues the petition fails to state a cause of action.
Implicit in that argument is the conclusion that Gravier could state a cause of action by making the requisite additional allegation. Under La.C.C. Art. 934 "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court."
There is no reason to remand to allow Gravier to amend its petition since we conclude that Gravier's allegation that the parties orally agreed to modify the written lease states a cause of action.
The judgment is reversed, defendant's exception of no cause of action is overruled, and the case remanded to the trial court for further proceedings. Costs of this appeal are taxed against defendant, the balance of costs to await the outcome of the proceedings.
REVERSED AND REMANDED.
NOTES
[1] Art. 1848 (1984) did not change the law under C.C. Art. 2276 (1870) and the jurisprudence interpreting that article. Comment to La.C.C. Art. 1848.