557 So.2d 1067 (1990)
SHREVEPORT PLAZA ASSOCIATES LIMITED PARTNERSHIP, Plaintiff/Appellee,
v.
L.R. RESOURCES II and ASA Energy Corporation, Defendants/Appellants.
No. 21,282-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
*1068 Gregory J. Barro, Shreveport, for plaintiff/appellee.
Wiener, Weiss, Madison & Howell by James R. Madison, Shreveport, for defendants/appellants.
Before HALL, LINDSAY and HIGHTOWER, JJ.
HALL, Chief Judge.
Defendants-lessees, LR Resources II (Resources) and ASA Energy Corporation (ASA), appeal from the summary judgment granted in favor of plaintiff-lessor, Shreveport Plaza Associates Limited Partnership (Plaza). Plaintiff sought recovery of rentals for both the expired and unexpired terms of the lease, late charges on the past due rentals, costs, and attorney's fees. Plaintiff also sought to exercise its lessor's *1069 lien upon defendants' movable property located on the leased premises through a writ of sequestration. Defendants answered the suit denying that rents were past due under the lease agreement because the lease agreement had been modified. Also, defendants asserted that plaintiff's seizure of their property was a disturbance of their possession of the premises such that an eviction occurred, and therefore defendants had terminated the lease.
Finding that there were no genuine issues of material fact, the trial court granted a motion for summary judgment filed by the plaintiff. It was found that rents were due because the lease had not been modified and that plaintiff's exercise of its landlord's lien did not amount to an eviction. Judgment was rendered in favor of plaintiff against defendants for $457,673.81, together with all operating expense, additional tenant charges, and adjustments incurred after January 1, 1987 plus a late payment charge of 15% calculated on the base rental due, with all costs and attorneys fees of $9,444.62, all subject to a credit of $85,811.59. For reasons expressed in this opinion, we reverse and remand for further proceedings.

FACTS
On March 19, 1984, the parties to this suit entered into a lengthy and detailed lease agreement, whereby defendants[1] leased approximately 7,000 square feet of office space on the 10th floor of the Louisiana Tower in downtown Shreveport. Subsequently, defendants increased their leased square footage to 11,324 square feet. In September 1986, H.L. Heafner, III, the general manager of Resources, sent a letter to plaintiff requesting that the parties negotiate a restructuring of the lease. Due to a downturn in the oil industry, Resources no longer needed as much office space. In fact, Resources had reduced its staff from approximately 30 employees to 5 employees. Mr. Heafner requested that the office space be reduced to 3,669 square feet.
On November 3, 1986, plaintiff sent the following letter to Mr. Heafner:
"The October and November 1986 base rental and other charges totalling $34,353.25 detailed on the attached invoice are due and payable in full under the provisions of paragraph 4 of our lease agreement within 10 days of this notice.
Negotiations to restructure your lease agreement cannot continue without delivery of the above rental and previously requested financial information by November 13, 1986."
On November 4, 1986, Mr. Heafner replied to the plaintiff with the following letter:
"Negotiations to restructure our lease agreement have been all one-sided. We have supplied all your requested financial information in a timely manner. We think there has been more than enough time elapsed since our initial request to have completed the requested lease revision. We think the November rent should be reduced proportionately to our requested space usage.
When the requested lease revision is completed, the October, 1986, rent check for $17,200.47 will be delivered. Again, we feel you have been dragging your feet at our expense. Please expedite processing of our requested lease revision."
Subsequently, the parties continued to renegotiate the lease agreement. Plaintiff offered in December of 1986 to reduce the leased space to the original 7,949 square feet but needed certain personal guarantees from the defendants. The offer did not mention reducing the rental for November, 1986 to reflect the reduced space.
Mr. Heafner sent a letter in late December of 1986 which rejected the above proposal and again suggested a reduction of the leased space to approximately 3,660 square feet and a reduction of rent, with *1070 the lease revision to be effective November 1, 1986.
During the negotiations, plaintiff continued to send bills for the past due rent to the defendant. Finally, in February of 1987 plaintiff filed suit for the rental for October, November, and December of 1986 and January of 1987. In addition to the past due sums, plaintiff sought to accelerate all future rentals and sought a writ of sequestration.
On February 18, 1987, plaintiff and an official from the Caddo Parish Sheriff's Department executed the writ of sequestration at the leased premises, seizing certain movable property located on the premises. Defendants then answered the suit filed by the plaintiff and deposited in the registry of the court the sums past due under the lease for October of 1986 through January of 1987 in the amount of $85,811.59. The defense was based on assertions that the lease was modified to the extent that no rent was past due at the time suit was filed and that the lease was terminated because of the plaintiff's seizure of the movable property. Defendants filed a reconventional demand based on these assertions, but that claim is not currently before this court as there has been no final judgment disposing of the reconventional demand.

MODIFICATION OF THE LEASE
Defendants in their first assignment of error assert that the trial court erred in concluding that the lease agreement had not been modified by the action of the parties, such that rentals were not due during the negotiations to restructure the lease. On appeal, defendants concede that the issue was properly decided by way of summary judgment, since there were no contested issues of fact surrounding this particular issue. Rather, they argue that the trial court's conclusion is manifestly erroneous. Therefore, the issue for our decision is whether the trial court erred in concluding that the facts of this case did not support a finding of a lease modification. We find no error in the court's decision regarding this issue.
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. LSA-C.C. Art. 1848. Because a contract of lease need not be in writing, LSA-C.C. Art. 2683, it may be modified by a subsequent oral agreement, and parole evidence is admissible to prove the subsequent modification. Salley v. Louviere, 183 La. 92, 162 So. 811 (1935); Wahlder v. Tiger Stop, Inc., 391 So.2d 535 (La.App. 3d Cir.1980). Even leases which contain provisions specifying that the contract may only be modified in writing may be subsequently modified by oral agreement. Gravier Company v. Satellite Business Systems, 519 So.2d 180 (La.App. 4th Cir.1987); Wahlder, supra.
It is the defendants' contention that no rents were due under the terms of the lease when the plaintiff filed suit in January of 1987, because the parties had agreed that no rents would be due until lease negotiations were concluded. After review of the evidence upon which defendants rely, we are convinced that the parties did not agree that rents would be suspended during the lease negotiations.
Defendants "requested" that their lease be renegotiated in October of 1986. Plaintiff had no obligation whatsoever to oblige defendants in this request. The lease was valid and adequately set forth the agreement between the parties.
In November of 1986, plaintiff sent its letter to the defendants advising the defendants that lease negotiations could not continue without payment of rents. Defendants, somewhat annoyed by the delays in negotiation, fired a return letter unilaterally announcing that rent would not be paid for October, though due, until the lease negotiations were concluded and that rent for the month of November should reflect any agreement reached between the parties. *1071 Defendant contends that plaintiff's acquiescence in this demand, i.e. continuing to engage in negotiations concerning the lease, supports the conclusion that the parties agreed that no rent would be due until lease negotiations were concluded. Defendant adds that plaintiff's failure to list past due charges in subsequent billing invoices evidences the agreement in that plaintiff must not have considered the rents for the billed months past due.
However, the defendant's contention is subverted by other evidence in the record. In late December of 1986, defendant sent a letter to plaintiff which again requested that the rent reduction be effective November 1, 1986. This letter was sent after plaintiff had submitted a proposal to the defendant which would have reduced their leased space to approximately 7,000 square feet, but which did not mention reduced rent for November. It appears that the effective date of any rent reduction was a point of negotiation between the parties, rather than an agreed term. Plaintiff continued to bill the defendants for rent throughout the negotiation process. The fact that plaintiff did not charge the defendant a late fee does not result in a conclusion that rent was not then due.
Defendants also contend that at subsequent negotiations no mention was made of the past due rent. We are persuaded by plaintiff's argument that a constant reminder of past due rent beyond sending monthly bills was not warranted.
The evidence and undisputed facts of this case support the trial court's conclusion that the lease agreement was not modified and that rents were due when plaintiff filed suit. It is clear that defendants requested that any newly agreed terms reducing rent be effective November 1, 1986. However, neither this term nor any other terms were ever finally agreed upon between the parties. The relationship of the parties deteriorated to such an extent that negotiations to restructure the lease were terminated before any new agreement could be reached. Therefore, the decision of the trial court that the lease was not modified is correct, and plaintiff is clearly entitled to recover past due rental. However, the total amount that plaintiff is entitled to recover in this case depends on a determination of whether the lease was terminated, an issue which must be determined on remand as we discuss in the next section of this opinion.

EXERCISE OF LESSOR'S PRIVILEGE-EVICTION
In the defendants' second assignment of error, they allege that the trial court erred in summarily concluding that the exercise of the lessor's privilege under the writ of sequestration by the plaintiff did not amount to an eviction of the defendants. Defendants assert that plaintiff's action entitled them to terminate the lease agreement, and that plaintiff's right to future rentals under the acceleration clause of the lease is cut off by the termination. Defendants argue that there are material issues of fact surrounding whether the seizure of property was so significant as to amount to an eviction.
Under Louisiana law, if a lessee fails to pay rent as it comes due, a lessor may elect one of two remedies. The lessor may hold the lessee liable for the rent due for the expired term of the lease and sue to dissolve the lease and evict the lessee, or the lessor may hold the lessee liable for the rent for both the expired and unexpired terms of the lease. Should the lessor choose the latter remedy, the lease remains in force and the lessee is accorded full rights under the lease. Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429 (1923); Kinchen v. Arnold, 60 So.2d 114 (La.App. 1st Cir.1952). If the latter remedy is elected, the lessor's obligation to maintain the lessee in peaceable possession of the premises continues. LSA-C.C. Art. 2692; Henry Rose Mercantile & Mfg. Co. v. Stearns, supra.
LSA-C.C. Art. 2705 provides that the lessor has, for the payment of his rent and other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the leased premises. See also LSA-C.C. Art. 3218 and 3219. One claiming a lessor's privilege *1072 may have the property seized under a writ of sequestration.
In Henry Rose Mercantile & Mfg Co. v. Stearns, supra, the Supreme Court found that a lessor suing for rents under the expired and unexpired terms of the lease must exercise caution in executing a writ of sequestration so that the lessee's possession is not "unnecessarily disturbed." See also Pylate v. Inabnet, 458 So.2d 1378 (La.App. 2d Cir.1984); Bowers v. Greene, 386 So.2d 920 (La.App. 3d Cir. 1980); Salim v. Louisiana State Board of Education, 289 So.2d 554 (La.App. 3d Cir. 1974); Morgan v. Agriculture Enterprises, Inc., 127 So.2d 335 (La.App. 2d Cir. 1961); Lacour v. Myer, 98 So.2d 308 (La. App. 1st Cir.1957); Young v. Eddy, 86 So.2d 243 (La.App. 1st Cir.1956); Maggio v. Price, 1 So.2d 404 (La.App. 1st Cir.1941); Pirkle & Williams v. Shreveport Jitney Jungle, 140 So. 837 (La.App. 2d Cir.1932); Fourchon Docks, Inc. v. Milchem Inc., 849 F.2d 1561 (5th Cir.1988). Thus, if the disturbance is such that the lessee can no longer use the premises for the purposes intended, the lessor has breached its obligation to maintain the lessee in peaceable possession and the lessee is entitled to terminate the lease.
The parties in this case agree that every exercise of the lessor's privilege by writ of sequestration does not amount to a disturbance of possession such that an eviction occurs. Rather, defendants contend that there are factual disputes surrounding the extent of the seizure which precludes summary judgment on the issue. Plaintiff argues that there is no question of what property was seized and that the trial court correctly concluded that the seizure did not amount to an eviction. In a post hearing brief in the trial court, plaintiff attached a list of property purporting to be the Sheriff's inventory identifying items of property on defendant's premises which were seized and those items left under the defendant's control. It is from this list that plaintiff concludes that the trial court was able to resolve any factual dispute in the case. We cannot agree.
Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. Art. 966(B). The movant bears the burden of establishing that no genuine issue of material fact exists and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). This article contemplates that all documents in support of or in opposition to the motion will be served on the adverse party and filed into the record prior to the hearing. Peters v. Charity Hospital of Louisiana at New Orleans, 490 So.2d 505 (La.App. 4th Cir.1986); Darbonne v. Sonic Drive-In, 405 So.2d 643 (La.App. 3d Cir.1981); Jones v. Jones, 385 So.2d 880 (La.App. 2d Cir.1980); Bonnette v. Century Ready Mix Corporation, 369 So.2d 1201 (La.App. 2d Cir.1979).
The list of property attached to the plaintiff's post hearing brief filed after the motion was submitted for decision was not served on defendants prior to the hearing, was never introduced into the proceeding as evidence, and does not appear to have been previously filed in the record of the case. The document is not accompanied by an affidavit or other documentation of its authenticity or accuracy. Therefore, it should not have been considered by the trial court as evidence in deciding the motion for summary judgment and cannot be considered by this court on appeal. Without this list of property, there is little evidence in the record tending to show what movable property of the defendants was seized or what was left on the premises.
Furthermore, even if the document is considered there remain factual disputes concerning the extent of harm done to defendants' business operations by the seizure. Defendants contend that they could not conduct meaningful business from the premises after the seizure and support this contention by affidavit. A motion for summary *1073 judgment is not the appropriate vehicle for fleshing out the circumstances which may have prevented the business from operating. Defendants should be given an opportunity to present evidence and facts which would tend to show that the plaintiff's exercise of its lessor's privilege amounted to an eviction of the defendants from the premises. The affidavits on file show that a factual dispute exists in regard to the circumstances surrounding the plaintiff's execution of the writ of sequestration. Since there are genuine issues of material fact as to whether the plaintiff's exercise of the lessor's privilege was a significant invasion of the defendant's peaceable possession of the premises such that an eviction occurred, the trial court erred in granting the plaintiff summary judgment as to this issue. We will therefore reverse the trial court's judgment and remand the case for further proceedings not inconsistent with this opinion.
In summary, the trial court's ruling concerning the modification of the lease agreement is correct. The plaintiff will at least be entitled to all rentals due at the point the lease was terminated, if the court finds that the lease was terminated. The case is remanded for further proceedings on the issue of whether the exercise of the lessor's privilege by plaintiff so interferred with the defendants' peaceable possession of the premises as to amount to an eviction, entitling defendants to terminate the lease, and for determination of the amount plaintiff is entitled to recover from the defendants.

DECREE
The judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion. Costs of the appeal are assessed equally to the appellants and the appellee.
Reversed and remanded.
NOTES
[1] The leased premises were to be used by Resources as office space. Even though ASA was not actually occupying the premises, it signed the lease and this opinion refers to both defendants as lessees.